FILED
JUL 31 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
        Plaintiff,

v.

DARLENE MERRIWETHER
6900 Georgia Ave., N.W.
Building 1 – Room A103
Washington, D.C. 20307
        Defendant.

CASE NUMBER 1:06CV01348

JUDGE: Reggie B. Walton

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 07/31/2006

\*        \*        \*        \*

## LEAVE TO FILE VERIFIED COMPLAINT

1. All acts complained of occurred in District of Columbia. Amount in controversy exceeds Fifty Thousand Dollars ($50,000.00). Parties are subject to jurisdiction of this Court as more fully described below.

2. Plaintiff is a disabled veteran, currently receiving 40% disability from Department of Veteran's Affairs. Plaintiff is also receiving Supplemental Security Income from Social Security Administration based on his disability. Because of osteoarthritis in both knees medical restrictions are limited walking and standing. As such, Plaintiff has a physical impairment resulting from his service-connected injuries, and is therefore an individual with a disability protected under Americans with Disabilties Act ("ADA"), 42 U.S.C. §§ 12101-12213, and specifically under Title II of the ADA, which governs public services.

3. Defendant has orchestrated a vendetta as more fully described below against Plaintiff and is agent for Walter Reed Hospital ("WRH"), the "public entity" under Title II of the ADA, 42 U.S.C. 12131(1), and as such, is required to ensure that no "qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity." 28 C.F.R. § 35.130(a). Furthermore, in order to ensure that no qualified disabled individual is excluded from the services provided by a public entity, such public entity must:

> make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.
> 28 C.F.R. § 35.130(b)(7).

1

4. Based on a review of administrative record provided by defendant to Plaintiff, it appears there were no modifications made to any WRH procedures to accommodate Plaintiff's physical impairment based on his diagnosed osteoarthritis both knees. Plaintiff has repeatedly filed documentation in support of his physical impairment with defendant over the years, but it appears defendant considered these documents as though submitter was not due the special attention required by Title II of the ADA. Specifically, it appears that defendant assigned Plaintiff's "case" treated Plaintiff as she would any other individual. For example, in a September 3, 2003, letter from Dr. Terry L. Thompson, defendant disregarded Plaintiff's request for ADA reasonable accommodation regarding requirements for medical care, outpatient undergoing continual follow-up at the orthopaedic, occupational therapy, and physical therapy clinics and use of recreation/gymnasium/weight room facilities of WRH. Under 28 C.F.R. § 35.130(b)(7), once Plaintiff made such a request, defendant was obliged to make a finding "demonstrat[ing] that making the modifications [requested by Plaintiff] would fundamentally alter the nature of the service, program, or activity." There is no contemporary evidence in the documents provided Plaintiff as part of his wrongful termination from WRH on February 17, 2006 that defendant ever made any such determination or even considered Plaintiff's request as required by the ADA Title II implementing regulations. Rather, it appears that defendant instead admonished Plaintiff's health care providers at WRH to have additional correspondence sent to Plaintiff as a precautionary measure to insulate defendant from further liability, not to assist Plaintiff with his health care.

5. Accordingly, under 28 C.F.R. § 35.130(b)(7), Plaintiff does not have to allege disparate treatment in order to maintain a reasonable accommodation claim. *McGary v. City of Portland*, 386 F.3d 1259, 1266 (9th Cir. 2004); see also *Henrietta D. v. Bloomberg*, 331 F.3d 261, 276-77 (2d Cir. 2003) ("[A] claim of discrimination based on a failure reasonably to accommodate is distinct from a claim of discrimination based on disparate impact."), cert. denied, 541 U.S. 936 (2004); *Dunlap v. Ass'n of Bay Area Gov'ts*, 966 F.Supp. 962, 965 (N.D. Cal. 1998)("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'"). Once the claim for reasonable accommodation has been made, the burden shifts to defendant to prove that such accommodation would "fundamentally alter" the nature of WRH "requires a more fact intensive inquiry than is appropriate on a motion to dismiss [memorandum]." *Nelson v. Milwaukee County*, 2006 WL 290510, 7 (E.D. Wis. 2006); see also *Crowder v. Kitagawa*, 81 F.3d 1480, 1485-86 (9th Cir. 1996)(stating that "the determination of what constitutes reasonable accommodations is highly fact-specific requiring case-by-case inquiry"); *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999) (explaining that the question of what constitutes a reasonable accommodation "requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations" requested).

6. As discussed herein, Plaintiff is a member of a protected class under Title II of the ADA. In its memorandum and past "ruling" of February 17, 2006 defendant has set out to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended

by law and in fact having had that intended effect to bar Plaintiff from WRH. Available WRH record does not explain whether defendant made its required determination under 28 C.F.R. δ 35.130(b)(7) to show that allowing WRH to review Plaintiff's requests under an ADA reasonable accommodation would "fundamentally alter the nature of the service, program, or activity." At a fundamental level, it is unclear how allowing Plaintiff continuance of his medical care would fundamentally alter nature of WRH's administration of treatment, particularly in light of WRH's motto, which reads *"Warrior Care!"*

7. In addition to denying Plaintiff his requested entitled reasonable accommodations, defendant took the liberty to confiscate Plaintiff's family heirloom keepsake legal-sized camouflaged Bible. In spite of repeated demand for its return, defendant now bars Plaintiff from WRH.

8. On November 20, 2005 Plaintiff did attempt unaccompanied access to WRH gym but was viciously attacked by attending clerk at behest of defendant. As a direct and proximate result of defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights, Plaintiff sustained physical injury, mental trauma, and loss of the enjoyment of life.

WHEREFORE, Plaintiff, Michael Sindram, *pro-se*, respectfully requests that this Honorable Court find defendant Darlene Merriwether liable for all injuries, damages, and violations suffered by him, and that judgment be entered against defendant Darlene Merriwether jointly, severally, collectively, and individually, as follows:
1. Compensatory and General damages in amount of Seven Hundred Fifty Thousand Dollars ($750,000.00);
2. Punitive damages in amount of Five Hundred Thousand Dollars ($500,000.00;
3. Costs, Disbursements, and Reasonable Award of Expenses for Plaintiff to vigorously prosecute his weighty meritorious cause of action in amount of Twelve Thousand Dollars ($12,000.00);
4. Such other and further relief as to this Court appears just and proper.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Plaintiff, *Pro-Se*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012

### JURY DEMAND

Jury Demand hereby made as to *all* issues herein as guaranteed by our United States Constitution Amendment VII.

*Michael Sindram*
Michael Sindram

*Do for others what **you** want them to do for **you**!*
**Matthew 7:12a**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SINDRAM, )
 )
Plaintiff, )
 )
v. ) Civil Action No. 03-2110 (HHK)
 )
KENNETH L. SAUNDERS, et al., )
 )
Defendants. )

### FINAL JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it is by the Court this 11th day of August, 2004,

**ORDERED** that this case is **DISMISSED without prejudice**; and it is further

**ORDERED** that plaintiff is enjoined from bringing any further suits in this Court without (1) first obtaining leave to file from the Court; (2) certifying that any such complaint raises new matters never before decided on the merits by any federal court; (3) including a concise description of the allegations contained in his complaint; and (4) truthfully so certifying any complaint on penalty of contempt of this Court.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

HENRY H. KENNEDY, JR.
United States District Judge

06 1348
FILED
JUL 3 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT