IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL SINDRAM,     *

   Plaintiff,     *

v.     *     Case No. 06-1348 (RBW)

DARLINE MERRIWETHER,     *

   Defendant.     *

   *   *   *   *   *   *   *   *   *

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS**

Defendant Darline Merriwether ("Merriwether"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the Complaint of Plaintiff Michael Sindram.[1] The Complaint fails to state a claim upon which relief may be granted because Merriwether, an individual, is not a "public entity" as defined by Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131.[2] Title II of the ADA does not permit lawsuits against individuals.

---

[1]This Court has recognized that Sindram is a "'serial litigant' who has filed numerous frivolous actions in this Court and other courts." *Sindram v. Saunders*, No. 03-2110 (D.D.C. Aug. 11, 2004) (Judge Kennedy) (memorandum opinion and order requiring Sindram to obtain leave of court to file lawsuits). Judge Kennedy stated that "[i]f a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, 'a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice.'" Memorandum Opinion at 2 (quoting *Urban v. United States, et al.*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). That case also concerned a complaint by Sindram regarding reasonable accommodation for his alleged disability.

[2]Section 12131 of the ADA provides that "[t]he term 'public entity' means -- **(A)** any State or local government; **(B)** any department, agency, special purpose district, or other instrumentality of a State or States or local government; and **(C)** the National Railroad Passenger Corporation . . . ." 42 U.S.C. § 12131.

I.     **POINTS AND AUTHORITIES IN SUPPORT**

In his Complaint, Plaintiff alleges that he was denied access to certain facilities at the Walter Reed Army Medical Center in violation of Section 12132, which provides:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Plaintiff names Merriwether as the Defendant, requesting that the Court find "Darlene Merriwether liable for all injuries, damages, and violation suffered by him," as a result of the alleged violation of Title II of the ADA.  Complaint at 3.  Because she is an individual, however, Darline Merriwether cannot be sued for an alleged violation of Title II of the ADA.

It is well settled that there is no individual liability under Title II of the ADA. Title II provides disabled individuals redress for discrimination by a "public entity."  As that term is defined in the statute, it does not include individuals.  *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("Insofar as Garcia is suing the individual defendants in their individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits . . ."); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1004 n.8 (8th Cir. 1999) (en banc) ("we agree . . . that the commissioners may not be sued in their individual capacities under the provisions of Title II [of the ADA]") (alteration added); *Miller v. King*, 384 F.3d 1248, 1277 (11th Cir. 2004) (observing that if "Congress had intended to create liability for individuals under Title II of the ADA, it easily could have provided for such liability," and that "§ 12132 does not provide for claims against individuals . . ."); *McNeely v. Perry*, No. CV-F-02-5385, 2006 WL 1222656 (E.D. Cal. May 4, 2006) ("Plaintiff's [Title II] ADA claim for relief against Defendants, all of whom are individuals, is

not cognizable . . .") (alteration added); *Montez v. Romer*, 32 F. Supp.2d 1235, 1240-41 (D. Colo. 1999) ("In addition to the statutory framework which suggests that individuals may not be held liable under title II of the Disability Act, personal liability has been rejected under both titles I and III of the Act . . ."); *Hubbard v. Taylor*, No. 00-531, 2006 WL 2709619, at *11 n.3 (D. Del. Sept. 20, 2006) ("Title II of the ADA does not authorize suits against individuals"); *Jordan v. Delaware*, 433 F. Supp.2d 433 (D. Del. 2006) (same); *Calloway v. Boro of Glassboro Department of Police*, 89 F. Supp.2d 543, 557 (D.N.J. 2000) ("the weight of judicial authority supports my conclusion that individual defendants cannot be held liable for violations of Title II of the Disability Act"); *Smith v. University of State of New York*, No. 95-CV-0477E, 1997 WL 800882, at *7 (W.D.N.Y. Dec. 31, 1997) ("The legislative history of the ADA indicates that discriminatory practices of public entities, and not individuals, are the target of Title II").

This Court has held that individuals cannot be sued in their individual capacities for disability discrimination under the ADA. *See Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 186-87 (D.D.C. 1997) (Judge Robertson); *Amariglio v. National Railroad Passenger Corp.*, 941 F. Supp. 173 (D.D.C. 1996) (Judge Green). Although these cases concerned Title I of the ADA and alleged disability discrimination in the employment setting, there is no reason not to extend individual protections to cases alleging disability discrimination under Title II of the ADA, as have the decisions discussed above.

Title II of the ADA is meant to make "public entities" liable for disability discrimination. Defendant Merriwether is not a "public entity," but an individual. Thus, she is not subject to suit under Title II of the ADA.

## II. CONCLUSION

Defendant Merriwether respectfully requests that the Court dismiss the Complaint with prejudice, and award Defendant any relief as the Court deems just and proper.

Respectfully submitted,

    -s- Darrell R. VanDeusen
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
(410) 727-4300

Counsel for Defendant Darline Merriwether