# UNITED STATES DISITRICT COURT
# FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
        Disabled Veteran/Plaintiff,

Civil Action No. 06-1348(RBW)

DARLINE MERRIWETHER,
        Defendant.

\*           \*           \*           \*

## MOTION FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME

DISABLED VETERAN/Plaintiff, Michael Sindram, *pro-se*, in his Motion For Appointment Of Counsel And For Extension Of Time, states as follows:

1. The authority to appoint counsel to represent civil litigants derives from 28 U.S.C. § 1915 (e) (1),[1] which provides that a court may request an attorney to represent a civil litigant proceeding *in forma pauperis*. See ***Whisenant v. Yuam***, 739 F.2d 160, 163 (4th Cir. 1984) [stating that although §1915 (e) (1) states that a court may "request" an attorney, this has been construed as authorizing a court to "appoint" counsel].

2. The Fourth Circuit has instructed district courts to appoint counsel for *in forma pauperis* litigants only under exceptional circumstances. ***Cook v. Bounds***, 518 F.2d 779, 780 (4th Cir. 1975). Before counsel may be appointed pursuant to § 1915, courts may take into account a variety of factors, including the complexity of factual and legal issues presented, whether the litigant has a colorable claim, whether appointment of counsel would lead to a more just and expeditious result, and the nature of the litigant's unsuccessful efforts to retain counsel. ***Brown v. Ortho Diagnostic Systems***, Inc. 868 F. Supp. 168, 172 n.16 (E.D. Va. 1994).

3. Plaintiff has sought the assistance of Georgetown University Law School Legal Clinic, American University Law School Legal Clinic, George Washington Law School Legal Clinic, Howard University Legal Clinic, Legal Aid Society of the District of Columbia, American Civil Liberties Union, and lawyer referral services however, because of current caseload, expertise required and complexity of this case these groups are unable to help. In addition, Plaintiff has contacted no less than five (5) private lawyers who require an exorbitant retainer beyond the means of this indigent disabled Veteran who has served our country more than most. These lawyers do however, indicate that Plaintiff has a colorable claim in fact and law.

4. Law of this cause of action of July 19, 2006 certifies instant Case was filed in good faith, not for an improper purpose and states a colorable basis in law and fact.

5. As a matter of fact and under colour of law defendant's denial of Plaintiff's entitled health care continues to put Plaintiff at increased risk of serious

---

[1] Some of the older cases cite to 28 U.S.C. § 1915 (d) for this proposition. However, Pub. L. 104-134, § 101 [(a)] [§ 804 (a) (2)], redesignated former subsection (d) as (e). *See* 28 U.S.C.A. § 1915 (West 2003).

consequences. Plaintiff eagerly awaits his day in court for hearing to be set on his weighty Supplemental Reconsideration Of Motion For Temporary Restraining Order And For Related Relief as required by Fed. R. Civ. P. 65. In a per curiam opinion, expressing unanimous views of United States Supreme Court, it was held that since it did not appear beyond doubt that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief, *he was entitled to an opportunity to offer proof*. *Haines v. Kerner*, 404 U.S. 519 (1972).

6. Plaintiff is likely to prevail on merits of this Case. Plaintiff is in danger of suffering irreparable harm during dormancy of this action if this relief is not granted. If this relief is not granted, more harm will result to Plaintiff than result to defendant if this relief is granted. The public interest will not be disserved by the granting of this relief. The Fourth Circuit has recognized an *"indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." Beaudett v. City of Hampton*, 755 F.2d 1274, 1277-78 (4th Cir. 1985) [citing *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)].

7. Taking into account the complexity of the legal and factual issues, the nature of Plaintiff's claims, given the law of this case, and whether appointment of counsel would lead to a more just and expeditious result, this Honorable Court should find the "exceptions circumstances" necessary for an appointment of counsel.

8. In the alternative, Plaintiff needs an additional ninety (90) days to secure pro bono counsel to intelligibly respond to "defendant's motion to dismiss."

WHEREFORE, good cause having been shown and the premises considered, an Order should pass granting this Motion For Appointment Of Counsel And For Extension of Time.

**In God we trust:**
*Michael Sindram*
Michael Sindram, Disabled Veteran/Plaintiff, *Pro-Se*
6817 Georgia Ave., N. W. #204
Washington, D. C. 20012
(202) 722-6281

## REQUEST FOR HEARING

Request For Hearing hereby made as to all issues herein to aid in the decisional process to be advanced on the Court's calendar to the earliest practicable date.

*Michael Sindram*
Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion For Appointment Of Counsel And For Extension Of Time was mailed, postage prepaid, this 31st day of October, 2006 to: Darrell R. VanDeusen, Esq, 1823 York Rd., Timonium, Md 21093

*Michael Sindram*
Michael Sindram

*Do for others what **you** want them to do for **you**!*
**Matthew 7:12a**