**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL SINDRAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 06-1348 (RBW) |
| DARLINE MERRIWETHER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION**
**FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME**

Defendant Darline Merriwether ("Merriwether"), opposes Plaintiff Michael Sindram's Motion for Appointment of Counsel and for Extension of Time (the "Motion"). Sindram's Motion should be denied because no "exceptional circumstances" exist requiring counsel to be appointed, Sindram has failed to state a claim on which relief may be granted,[1] and the time for a memorandum in opposition to Merriwether's Motion to Dismiss has expired.

**I.    POINTS AND AUTHORITIES IN SUPPORT**

**A.    Sindram Should Not Be Granted Appointment Of Counsel**

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The use of the word "may" indicates that

---

[1] This point is fully discussed in Merriwether's Motion to Dismiss, filed with the Court on October 11, 2006.

whether to grant such a request is entirely within the discretion of the court. The statute continues:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (I) is frivolous or malicious;
>         (ii) *fails to state a claim on which relief may be granted*; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).

As discussed in Merriwether's Motion to Dismiss, Sindram's claim fails as a matter of law, because individuals cannot be sued under Title II of the ADA. *See* Merriwether's Motion to Dismiss at 2-3. The Court should deny Sindram's Motion and dismiss his claim. *See Arawole v. Hemingway*, No. Civ. A. 4:04CV506Y, 2005 WL 1630013, at *2 (N.D. Tex. July 7, 2005) (*in forma pauperis* plaintiff's claim against individual alleging violation of Title II of the ADA dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as "individuals may not be sued under the provisions of Title II of the ADA").

This Court has recognized that while it is within the Court's discretion to appoint counsel, appointment of counsel under § 1915(e)(1) is the exception rather than the rule, with the plaintiff proceeding *in forma pauperis* having to demonstrate that "exceptional circumstances" exist that would make denial of counsel fundamentally

unfair. *See Welch v. Kelly*, 882 F. Supp. 177, 178 (D.D.C. 1995) (Judge Robertson) (no appointment of counsel where no "exceptional circumstances" existed); *Doyle v. District of Columbia*, No. Civ. A. 96-CV-2268 (RMU), 1997 WL 590799, at *1 (D.D.C. Sept. 12, 1997) (Judge Urbina) (stating that "[t]he court is authorized to appoint counsel under 28 U.S.C. § 1915(d)[2] for plaintiffs proceeding *in forma pauperis*, but it is not obliged to do so unless the plaintiff demonstrated such exceptional circumstances that denial of counsel would result in fundamental unfairness") (citations omitted).

No exceptional circumstances exist in regard to Sindram's ADA claim that justify appointing counsel under § 1915(e)(1). In his Motion, Sindram makes the unsubstantiated assertion that he "is likely to prevail on merits of this Case." Motion at 2. Sindram, of course, is mistaken, since he cannot sue an individual for alleged violations of Title II of the ADA.

### B. Sindram Should Not Be Granted An Extension Of Time

The Court should also deny Sindram's request in his Motion for an extension of an additional ninety (90) days to respond to Merriwether's Motion to Dismiss, "to secure pro bono counsel to intelligibly respond to 'defendant's motion to dismiss.'" Motion at 2. Merriwether's Motion to Dismiss was filed with the Court on October 11, 2006. Under DC LCvR 7(b) and Fed. R. Civ. P. 6(e), any memorandum in opposition was to be filed on or before October 30, 2006. Sindram failed to do so, and

---

[2]The portion of § 1915(d) authorizing the court to request an attorney to represent a plaintiff proceeding *in forma pauperis* was redesignated, in a slightly different form, as § 1915(e)(1) by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).

filed this motion, only *after* the allotted time for his memorandum in opposition expired.

Sindram filed his Complaint on July 31, 2006.  He has had more than enough time to secure counsel.  Mr. Sindram's pleadings, and litigation history demonstrate that he is both intelligent and well versed in the judicial process even as a *pro se* litigant.  He should not be permitted to disregard the applicable federal rules because of an alleged inability to "intelligibly respond" to Merriwether's Motion to Dismiss.[3]  Moreover, it is doubtful that counsel could be of any assistance in responding to Merriwether's Motion to Dismiss, as it is clear that Title II of the ADA does not permit the lawsuit.

## II.    CONCLUSION

Defendant Merriwether respectfully requests that the Court deny Sindram's Motion, to dismiss the Complaint with prejudice as requested by Merriwether's Motion to Dismiss, and award Defendant any relief as the Court deems just and proper.

---

[3] Even if the Court does grant Sindram with additional time to respond to Merriwether's Motion to Dismiss, he certainly does not need an additional ninety (90) days.  Merriwether's Motion to Dismiss is only six pages long.

Respectfully submitted,

___-*s*- Darrell R. VanDeusen___
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300

Counsel for Defendant Darline Merriwether