UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MICHAEL SINDRAM,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Civil Action No.  06-1348 (RBW)
                                    )
DARLENE MERRIWETHER,                )
                                    )
    Defendant.                      )
_____ )

## ORDER

    This matter is before the Court on the defendant's motion to dismiss.  The plaintiff is proceeding pro se in this matter.

    In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a pro se party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  Id. at 509.  Subsequently, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

    The court in Neal also stated that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  Id.  Under Rule 56(e) of the Federal Rules of Civil Procedure,

    Supporting and opposing affidavits shall be made on personal

>knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as the plaintiff, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. See Neal, 963 F.2d at 457-58. Accordingly, it is hereby this 29th day of November, 2006,

**ORDERED** that the plaintiff shall respond to the defendant's motion to dismiss no later than December 29, 2006. If the plaintiff neither responds nor moves for an extension of time by the due date, the Court may treat the motion as conceded and enter judgment in favor of the defendant.

**SO ORDERED.**

Reggie B. Walton
United States District Judge