UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
       Disabled Veteran/Plaintiff,

v.                                         Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
       Defendant.
*                   *                 *                 *                 *

### MOTION TO STRIKE DISMISSAL

    DISABLED VETERAN/Plaintiff, Michael Sindram, *pro-se*, in his Motion To Strike Dismissal, states as follows:

    1. Order of Court of November 29, 2006 required Plaintiff to respond to defendant's "motion to dismiss" by December 29, 2006.

    2. Plaintiff's December 29, 2006 file-stamped copy of his Opposition with Exhibits is annexed hereto.

    3. Plaintiff contacted chamber clerk Monique Moore on January 8, 2007 who indicated court docket entries do not reflect receipt of Plaintiff's December 29, 2006 Opposition captioned Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis.

    4. Due to clerical error this Honorable Court improvidently dismissed this case on January 4, 2007 of which "dismissal" should now be vacated and this case reinstated forthwith.

    5. No opposition having been made by defendant to Plaintiff's December 29, 2006 pleading so as to be treated as conceded and should now be granted.

    WHEREFORE, good cause having been shown and premises considered, Order should now pass striking dismissal, reinstating this case forthwith, and granting Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis.

                                               **In God we trust:**
                                               */s/ Michael Sindram*
                                               Michael Sindram, Disabled Veteran/Plaintiff
                                               6817 Georgia Ave., N.W. #204
                                               Washington, D.C. 20012
                                               (202)722-6281

### RENEWED REQUEST FOR EXPEDITED HEARING

    Renewed request for expedited hearing made as to all issues herein to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

                                               */s/ Michael Sindram*
                                               Michael Sindram

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that copy of foregoing Motion To Strike Dismissal was mailed, postage prepaid, this 9th day of January, 2007 to: Darrell R. VanDeusen,Esq, 1823 York Rd., Timonium, Md 21093.
                                               */s/ Michael Sindram*
                                               Michael Sindram

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
        Disabled Veteran/Plaintiff,

v.                                        Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER, *et al.*,
        Defendants.

\*                \*                \*                \*

## MOTION FOR SUMMARY JUDGMENT; IN ALTERNATIVE, MOTION FOR JUDGMENT ON PLEADINGS AND FOR APPROPROATE RELIEF; IN FURTHER ALTERNATIVE, WRIT OF CORAM NOBIS

    DISABLED VETERAN/Plaintiff, Michael Sindram, *pro-se*, in his Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis, states as follows:

### BACKGROUND

    As a Disabled Veteran, who has served our country more than most, Plaintiff was receiving therapy and medical care at Walter Reed Army Medical Center (WRAMC) evidenced by WRAMC Orthopaedic Surgery Service diagnosed treatment Statement of December 19, 2005 (Exhibit 1). Americans with Disabilities Act of 1990 (ADA) Reasonable Public Accommodation was granted by WRAMC on or about September 19, 2005 (Exhibit 2). On November 20, 2005 Darlene Merriwether's (Merriwhether) friend viciously attacked Plaintiff evidenced by Assault and Battery Sworn Statement (Exhibit 3). Merriwether intervened so that no action was taken against her friend. Merriwether further managed to revoke Plaintiff's Reasonable Public Accommodation (Exhibit 2), thus setting for Plaintiff a different standard as opposed to others similarly situated. Without proper authorization and in violation of Privacy Act Merriwether sought and obtained Plaintiff's medical records and interrogated Plaintiff's health care providers at WRAMC to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect to terminate Plaintiff's medically-necessitated health care at WRAMC and ban Plaintiff from WRAMC altogether as more fully described below. On or about November 21, 2005 Merriwether confiscated Plaintiff's identification card and family heirloom Bible. Merriwether returned Plaintiff's identification card but not Plaintiff's family heirloom Bible (Exhibit 4). When Plaintiff made a formal complaint with WRAMC officials on January 27, 2006 regarding Merriwether's failure to return Plaintiff's property, Merriwether orchestrated Plaintiff's ban from WRAMC. Plaintiff has yet to receive his family heirloom Bible from Merriwether or its fair market value. Accordingly, as there are no material facts that can be in dispute, Plaintiff is therefore entitled to judgment as a matter of law. ***Puma v. Sullivan***, 746 A.2d 871, 874 (D.C. 2000).

## ARGUMENT

As a matter of law Plaintiff is entitled to medical care at WRAMC. Merriwether's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights has exacerbated Plaintiff's condition and increased his pain (Exhibits 5 and 6). Under colour of law Merriwether is liable for series of retaliatory and harassing action acts over two year period sufficient to state continuing tort violation and intentional infliction of emotional distress claim under District of Columbia law. D.C. Code 1981, § 12-301(8). Merriwether's aberrant and deviant misconduct meets standard of extreme and outrageous behavior to show intentional infliction of emotional distress claim under District of Columbia law, wherein Merriwether's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is to be regarded as atrocious, and utterly intolerable in our civilized community. Elements of tort accomplished by Merriwether are (1) extreme and outrageous conduct that (2) intentionally or recklessly caused (3) severe emotional distress to Plaintiff.

Merriwether has violated Plaintiff's civil rights with impunity cognizable under 42 U.S.C.A. § 1983 for monetary damages and injunctive relief under United States Constitution Eighth Amendment. Eleventh Amendment does not bar ADA claim for injunctive relief against Merriwether in her official capacity. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004). Plaintiff may bring a § 1983 action against Merriwether in her official capacity for prospective, injunctive relief. Eleventh Amendment does not prohibit Plaintiff from suing Merriwether in her official capacity for prospective injunctive relief. Under objective component of Eighth Amendment inquiry, Plaintiff has proven condition he complains of as sufficiently serious to violate Eighth Amendment, wherein Plaintiff has proven a serious medical need and denial of minimal civilized measure of life's necessities; Plaintiff's condition is extreme and poses an unreasonable risk of serious damage to his future health. Plaintiff has standing to seek injunctive relief since his threat of future injury is real and immediate. Merriwether's "deliberate indifference" to Plaintiff's serious medical need, in violation of Eighth Amendment, is shown where Merriwether's conduct demonstrates unnecessary and wanton infliction of pain and is repugnant to conscience of mankind.

"Doctrine of qualified immunity" shields Merriwether performing discretionary functions from individual liability under § 1983, where Merriwether's actions do not violate clearly established statutory or constitutional rights of Plaintiff of which Merriwether would have known. *Montez v. Romer*, 32 F.Supp.2d 1235 (D.Colo. 1999). Where disability discrimination is at issue, Fourteenth Amendment only proscribes government conduct for which there is no rational relationship between disparity of treatment and some legitimate governmental purpose. When operating in realm of judicially implied private rights of action, courts have a measure of latitude to shape a sensible remedial scheme that best comports with the statute. Title II of ADA prohibits discrimination by WRAMC against Plaintiff with a disability in benefits or activities of WRAMC and can be maintained against WRAMC by showing of Plaintiff that establishes Title II violation was motivated by either discriminatory animus or ill will due to disability. ADA §§ 202, 203, 42 U.S.C.A. §§ 12132, 12133. Plaintiff can obtain injunctive relief for WRAMC violations of Title II of ADA, which prohibits discrimination by WRAMC against Plaintiff with a qualified disability in benefits or activities of WRAMC. Courts *"have a measure of latitude to shape a sensible remedial scheme*

that best comports with the statute." *Gebser v. Lago Vista Independent Sch. Dist.*, 524 U.S. 274, 284-85, 18 S.Ct. 1989, 141 L.Ed.2d 277 (1998) ("Because Congress did not expressly create a private right of action under Title IX, statutory text does not shed light on scope of available remedies."). A private suit for money damages under Title II of ADA may only be maintained against WRAMC if Plaintiff can establish that Title II violation was motivated by either discriminatory animus or ill will due to disability, courts recognize direct proof of this will often be lacking: smoking guns are rarely left in plain view. To establish discriminatory animus, therefore, Plaintiff may rely on a burden-shifting technique similar to that adopted in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or a motivating-factor analysis similar to that set out in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252-258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Both technique and analysis have been met by Plaintiff.

Merriwether/WRAMC wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights are "in the 'clear absence of jurisdiction'" violating due process, fundamental fairness, equal protection of the law, and equal protection under the law. *William v. Rappeport*, 699 F.Supp.501, 506 (D.Md. 1988) quoting from *Stump v. Sparkman*, 435 U.S. 349, 356-7, 98 S.Ct. 1099, 105, 55 L.Ed.2d 331 (1978), *"…immunity was not designed to insulate anyone from all aspects of public accountability."* 409 U.S. at 31.

In a per curiam Opinion, expressing unanimous views of United States Supreme Court, holds allegations of a pro se Complaint to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The Fourth Circuit has recognized an *"indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties." Beaudett v. City of Hampton*, 755 F.2d 1277-78 (4th Cir. 1985)[citing *Gordon v. Leeke*, 574 F.2d 147 (4th Cir. 1978)]. In that same per curiam Opinion, expressing unanimous views of United States Supreme Court, it was held that since it did not appear beyond doubt that Plaintiff could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof. *Haines v. Kerner*, 404 U.S. 519 (1972). Merriwether/WRAMC continue to violate Plaintiff's civil rights with impunity under colour of law cognizable under 42 U.S.C.A. §§ 1981, 1983, 1985, 1987, *et seq.*, and Federal Tort Claims Act (FTCA).

## CONCLUSION

It is clear that Merriwether has not met burden to grant her "Motion to Dismiss." Accordingly, Disabled Veteran/Plaintiff respectfully requests that this Honorable Court grant Supplemental Reconsideration Of Motion For Temporary Restraining Order And For Related Relief of September 15, 2006 as there having been no opposition filed by adverse party to make relief sought treated as conceded and should now be granted. In addition, Order should now pass granting Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis.

In God we trust:

*Michael Sindram*

Michael Sindram, Disabled Veteran/Plaintiff
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## ADDITIONAL REQUEST FOR EXPEDITED HEARING

Because Merriwether/WRAMC know full well that irreparable harm continues to inure this Disabled Veteran should corrective action be held in abeyance by this Court, additional request for expedited hearing to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

## CERITIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis, was mailed, postage prepaid, this 29th day of December, 2006 to: Darrell R. Van Deusen, Esq, 1823 York Rd., Timonium, Md 21093.

*Michael Sindram*
Michael Sindram

*Take the impurities out of silver and artist can produce a
thing of beauty. Keep evil advisers away from king (judge)
and his government (court) will be known for its justice.*
Proverbs 25:4-5 (TEV)

*Make it* **your** *aim to do what is* **right**, *not what is evil, so
that* **you** *may live. Hate what is evil, love what is* **right**, *and
see that* **justice** *prevails in the* **courts…***let* **justice** *flow like
a stream, and* **righteousness** *like a river that never goes dry.*
Amos 5:14a, 15a, 24 (TEV)

*Do for others what* **you** *want them to do for* **you**!
Matthew 7:12a (TEV)



**DEPARTMENT OF THE ARMY**
WALTER REED ARMY MEDICAL CENTER
6900 GEORGIA AVENUE, NW
WASHINGTON, DC 20307-5001

MCHL-OR-OS                                                                 19 December 2005

FOR: Garrison Commander/Chief of CRD, Walter Reed Army Medical Center, Washington, DC 20307-5001

SUBJECT: Request for Unaccompanied Access to the gym(s) located on WRAMC post

1. Disabled Veteran (Ret) SGT Michael J. Sindram is an outpatient undergoing continual follow-up at the Orthopaedic Clinic for service-connected injuries: Right Knee Chondromalacia with torn Medial Meniscus/Collateral Ligament and various other Orthopaedic conditions.

2. Due to his medical necessity for use of several exercise machines in the continuum of treatment to recover in conjunction with current therapy, it is our request that he use the recreation/gymnasium/weight room facilities here on post.

3. Please direct any questions or concerns to the undersigned at 202-782-6573.

Mrs. Alita G. Gothard, PA-C
Orthopaedic Surgery Service
Walter Reed Army Medical Center



- Ex. 1 -

September 19, 2005

Garrison Sergeant Major Charles
Walter Reed Army Medical Center
6900 Georgia Ave., N.W.
Building 1 – Room A103
Washington, D.C. 20307

Re: *Reasonable Public Accommodation Request*

Garrison Sergeant Major Charles,

Greetings in Name of our LORD and Saviour Jesus the Christ!

To follow-up our conversation today, in accordance with *Americans with Disabilities Act of 1990 (ADA)* I respectfully request a Reasonable Public Accommodation to be able to store my medically-necessitated bicycle in utility room of Fitness Center in Bldg. 88 while I work-out. Please send confirmation to this disabled Veteran, who has served our country more than most, to address below.

**In God we trust:**

Michael Sindram
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

cc: File



Walter Reed Army Medical Center
6900 Georgia Avenue, NW
Washington, DC 20307-5001

**BONNEY GIETZ**
Executive Secretary, US Army Garrison
(202) 782-3356
FAX: (202) 782-6794
E-mail: Bonney-Joe.Gietz@na.amedd.army.mil

-Ex. 2-

# SWORN STATEMENT
For use of this form, see AR 190-45; the proponent agency is ODCSOPS

## PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 USC Section 301; Title 5 USC Section 2951; E.O. 9397 dated November 22, 1943 (SSN).
**PRINCIPAL PURPOSE:** To provide commanders and law enforcement officials with means by which information may be accurately
**ROUTINE USES:** Your social security number is used as an additional/alternate means of identification to facilitate filing and retrieval.
**DISCLOSURE:** Disclosure of your social security number is voluntary.

| 1. LOCATION | 2. DATE (YYYYMMDD) | 3. TIME | 4. FILE NUMBER |
|---|---|---|---|
| Bldg. 12 WRAMC | 2005-11-20 | 1300 Hrs | |

| 5. LAST NAME, FIRST NAME, MIDDLE NAME | 6. SSN | 7. GRADE/STATUS |
|---|---|---|
| Sindram, Michael J. | 130 44 5063 | Disabled Veteran |

**8. ORGANIZATION OR ADDRESS**
6817 Georgia Ave., N.W. Washington, D.C. 20012

**9.** I, Michael Sindram, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

On or about 9-19-05 Garrison Commander issued Approval Letter for Americans with Disabilities Act of 1990 (ADA) See Attached. On 11-20-05 at approximately 10:30 A.M. I entered WRAMC Fitness Center (Bldg. 88), presented my Veterans i.d. and requested of both Andre and Greg to please turn on ceiling fans. I proceeded to locker room to disrobe, sauna and shower. At approximately 11:00 A.M. I entered gym work-out area and ceiling fans were still not on. Both Andre and Greg continued to ignore me. Fans were then turned on. Andre was about to jump on me, screamed out racially-motivated epithets, and said "I will throw your bike and you out of here!" Greg was just behind Andre and I requested they phone WRAMC Police. I presented to Ofcs. Hayes and Roberts afore-referenced ADA Letter, and told them I fear for my life (continued threats of violence have been made against me both present and past.) I then went to AOD Cpt. Varoni who directed me to make this Statement of Assault,

| 10. EXHIBIT | 11. INITIALS OF PERSON MAKING STATEMENT | PAGE 1 OF ___ PAGES |
|---|---|---|
| | MJS | |

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT ___ TAKEN AT ___ DATED ___

THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT, AND PAGE NUMBER MUST BE BE INDICATED.

DA FORM 2823, DEC 1998    DA FORM 2823, JUL 72, IS OBSOLETE    USAPA V1.00

-Ex. 3-

STATEMENT OF _Sindram, Michael J._ TAKEN AT _Bldg 12 WRAMC_ DATED _2005-11-20_

9. STATEMENT (Continued)

Battery, and Harassment. I was not permitted to complete medically-necessitated exercise today because of previous complaints made about both Andre and Greg. Andre and Greg were loud, disruptive, speech was slurred, incoherent, and eyes were bloodshot — this has been an ongoing pattern of conduct each and every Sunday. Garrison Commander ADA Approval Letter of 9-19-05 is required to be on file at the gym however, neither Andre and/or Greg could show either officer said letter.

Q: HAYES
A: Sindram, Michael J. (Service-Connected)
Q: Were you physically Struck And Assaulted today at Bldg 8?
A: Yes! Andre put his hands on me in utility closet where my bike was located. This happened on 11-20-05.
Q: Did Anyone witness this
A: Don't know his name but gym patron was in the area.

**AFFIDAVIT**

I, _Michael Sindram_, HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1, AND ENDS ON PAGE ___. I FULLY UNDERSTAND THE CONTENTS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD, WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

X _Michael Sindram_
(Signature of Person Making Statement)

WITNESSES:

Subscribed and sworn to before me, a person authorized by law to administer oaths, this _20_ day of _November_, _2005_ at _Bldg 2 Rm WRAMC, Wash, DC_

(Signature of Person Administering Oath)

_PATRICK K HAYES DAPO 63-5th 132_
(Typed Name of Person Administering Oath)

_Title 5 USC Section 303(b)_
(Authority To Administer Oaths)

ORGANIZATION OR ADDRESS

INITIALS OF PERSON MAKING STATEMENT

PAGE _2_ OF _3_ PAGES

PAGE 3, DA FORM 2823, DEC 1998

USAPA V1.00

USE THIS PAGE IF NEEDED. IF THIS PAGE IS NOT NEEDED, PLEASE PROCEED TO FINAL PAGE OF THIS FORM.

STATEMENT OF Sindram, Michael J. TAKEN AT Bldg 12 WRAMC DATED 2005-11-20

9. STATEMENT (Continued) MS

Q: Have you been physically assaulted by Andre in the past?

A: Yes. When I first presented 9-19-05 ADA Approval Letter from Garrison Commander Andre was loud and disruptive and put his hands on me snatching copy of that same Letter from me.

Q: Do you need medical attention?

A: Because I am not permitted to complete medically-necessitated exercise I will need medical attention. I do fear for my life — Andre and Greg are gigantic men.

Q: Are you going to the emergency room when you leave here the police station or going to your own Doctor?

A: Yes. My knees and back are hurting me — pain is excruciating.

Q: Can you identify the individual whom you state assaulted you if you saw him again?

A: Yes.

Q: Do you have anything else to add to this statement?

A: I was unfairly treated today. As a disabled Veteran, who has served our country more than most I was not permitted to exercise at gym.

Q: Do you have anything else to add to this statement?

A: No.

END OF STATEMENT
MS 11-20-05
MS

INITIALS OF PERSON MAKING STATEMENT
MS

PAGE 3 OF 3 PAGES

PAGE 2, DA FORM 2823, DEC 1998                                        USAPA V1.00

**Faith E. Wheeler**
**Advisory Neighborhood Commissioner**
**Single Member District 4B02**
**818 Whittier Place, NW**
**Washington, DC 20012**

April 28, 2006

Peter M. Garibaldi
Colonel, US Army
Garrison Commander
Headquarters, United States Army Garrison
Walter Reed Army Medical Center
6900 Georgia Avenue, NW
Washington, DC 20307-5001

Dear Colonel Garibaldi,

My constituent, Michael Sindram, tells me that he has not yet received his camouflaged Bible that he left on the Walter Reed campus when he was undergoing follow-up for service-connected injuries and exercise therapy. Since he was banned from the campus as of March 15, 2006, he was not able to retrieve the Bible, himself.

At the March 23rd Advisory Neighborhood Commission 4B meeting at which you kindly gave us an update on the transition following the BRAC closure decision, I believe you said that Walter Reed staff had mailed Mr. Sindram's belongings to him, and he should pick them up at the Post Office. Would you please let me know to which Post Office and Post Office Box Number you sent the package and when it was mailed? Was the package sent "Return Receipt Requested"?

I appreciate your assistance in resolving this matter.

Sincerely,

Faith E. Wheeler

cc: Mr. Michael Sindram
    Council Member Adrian Fenty

- Ex. 4 -

# HOWARD UNIVERSITY
## DEPT. OF NEUROSURGERY

### Gary C. Dennis, MD

DISTRICT OF COLUMBIA
OFFICE OF
ADMINISTRATIVE HEARINGS

2006 DEC 18 P 3: 42

## DISABILITY CERTIFICATE

NAME _Michael Sindram_ DATE _9/17/06_
ADDRESS _____ EMPLOYER _____

To Whom It May Concern:

This is to certify that the above patient was under my professional care from _8/17/06_ to _____ inclusive and was totally incapacitated during this time. This is to further certify that the above patient has now recovered sufficiently to be able to return to: ___ light duty, ___ regular work duties on _____.

Restrictions:

_✓_ Patient is 100% disabled and cannot perform duties. (permanent)

___ No lifting more than _____, pulling or pushing

___ No walking long distances, sitting longer than _____ or standing longer than _____

___ No driving.

Physicians Remarks: _Patient has a spinal condition_
_is 100% disabled for 1-2 years —_
_Cannot sit for periods > 1-2 hour_

_____
Physicians' Signature

-Ex. 5-

**HOWARD UNIVERSITY FPP**
**DEPARTMENT OF ORTHOPEDIC SURGERY**
2041 Georgia Ave, NW suite 4300
Washington, DC 20060
202-865-1183

## DISABILITY CERTIFICATE

**DATE:** 9-18-06

**NAME:** Michael Sindram

**EMPLOYER:** _____

**SCHOOL:** _____

To Whom It May Concern:

This patient has been under my professional care from 1-3-03 to present

**DIAGNOSIS:** Osteoarthritis both knees

___ This patient is unable to return to work

___ This patient was totally ___, partially ___ incapacitated, but now has sufficiently recovered to be able to return to light ___, regular ___ work duties on _____.

**RESTRICTIONS:** limited walking and standing

**COMMENTS:** _____

Please excuse this patient to attend physical therapy _____ times per week.

**NEXT APPOINTMENT:** _____

Terry L. Thompson, MD                Robert H. Wilson, MD

Aham E. Onyike, MD                   Julian A. Cameron, MD

-Ex. 6-