## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL SINDRAM,          *

       Plaintiff,         *

v.                    *     Case No.  06-1348 (RBW)

DARLINE MERRIWETHER,    *

       Defendant.       *

        *   *   *   *   *   *   *   *   *

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
## MOTION TO STRIKE DISMISSAL[1] AND MOTION FOR SUMMARY JUDGMENT

Defendant Darline Merriwether ("Merriwether"), opposes *pro se* Plaintiff

Michael Sindram's Motion to Strike Dismissal ("Motion to Strike"), and Plaintiff's

accompanying Motion for Summary Judgment; in Alternative, Motion for Judgment on

Pleadings and for Appropriate Relief; in Further Alternative, Writ of *Coram Nobis* ("Motion for

Summary Judgment").  Sindram's Motion to Strike should be denied.  His Motion for Summary

Judgment provides no response to Defendant's Motion to Dismiss, but instead attempts to

shoehorn new and different causes of action against Merriwether that were never part of

Plaintiff's Complaint.

---

[1]Although Plaintiff has titled his January 9, 2007 filing a "Motion to Strike Dismissal," motions to strike relate only to pleadings. FED. R. CIV. P. 12(f).  Plaintiff's filing is perhaps better considered a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), as it was filed within ten days of this Court's entry of dismissal of Plaintiff's Complaint on January 4, 2007.  As this Court has stated, however, "[w]hile the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure," and is not to be used as "a vehicle for presenting theories and arguments that could have been advanced earlier."  *Fox. v. American Airlines, Inc.*, 295 F. Supp.2d 56, 59 (D.D.C. 2003) (Judge Urbina) (citations omitted).

I.    **POINTS AND AUTHORITIES IN SUPPORT**

A.    **Sindram's Motion For Summary Judgment Is An Inadequate Response To Defendant's Motion to Dismiss**

Defendant's Motion to Dismiss was filed on October 11, 2006.  When Sindram failed to provide a timely response to the Motion to Dismiss, the Court issued an Order giving him until December 29, 2006 to respond.  Plaintiff alleges in his Motion to Strike that he filed with the Court an "Opposition with Exhibits" on December 29, 2006.  Motion to Strike at ¶ 2.  This "Opposition," however, is Plaintiff's Motion for Summary Judgment.  It does not respond to Defendant's Motion to Dismiss as it lacks any cognizable argument in law or fact as to how Merriwether, an individual, can be sued under Title II of the ADA.  Instead, this so-called "Opposition" wrongfully attempts to inject new claims against Merriwether, claims which have never been part of Sindram's Complaint.  The Motion for Summary Judgment also attempts to add a new party to the proceedings:  the Walter Reed Army Medical Center.

At the beginning of his Motion for Summary Judgment, Sindram states that "[u]nder colour of law Merriwether is liable for [a] series of retaliatory and harassing action acts over two year period sufficient to state continuing tort violation and intentional infliction of emotional distress claim under District of Columbia law," thereafter citing "D.C. Code 1981, § 12-301(8)."[2]  Motion for Summary Judgment at 2.  In the following paragraph, Sindram asserts a violation of the Eighth Amendment, claiming "monetary damages and injunctive relief" under 42 U.S.C. § 1983.  *Id.*  In the next paragraph, Sindram seeks to add the Walter Reed Army

---

[2]It is unclear why Sindram cites this statute, as it pertains to the statute of limitations for bringing actions, and does not provide support for the statement immediately preceding the citation to the statute.

Medical Center as being liable to him for alleged discriminatory behavior in violation of Title II

of the ADA, stating that "Title II of the ADA prohibits discrimination by WRAMC against

Plaintiff with a disability in benefits or activities of WRAMC by showing of Plaintiff that

establishes Title II violation was motivated by either discriminatory animus or ill will due to

disability." *Id.* Sindram ignores the fact that the sole claim he brought in his Complaint was a

claim against Merriwether (an individual who is *not* a Walter Reed employee) for alleged

violations of Title II of the ADA.

Sindram's attempt to overcome the deficiencies of his Complaint is transparent.

Recognizing that his Title II ADA claim against Merriwether could not survive Defendant's

Motion to Dismiss, Sindram now seeks to change both his claim and the party he claims is

responsible, all without ever having filed a timely leave to amend his Complaint under Federal

Rule of Civil Procedure 15(a). As this Court has stated, however, "[e]ven *pro se* litigants . . .

must comply with the Federal Rules of Civil Procedure." *Turner v. Commonwealth of Virginia*,

1999 WL 1029180 at *1 (D.D.C. 1999) (Judge Robinson) (citing *Jarrell v. Tisch*, 656 F. Supp.

237, 239 (D.D.C. 1987)).

Sindram's Motion for Summary Judgment is itself inappropriate, of course, as

Merriwether only filed a Motion to Dismiss in response to Sindram's Complaint, with no period

of discovery having been commenced. *See Fagan v. U.S. Small Business Admin.*, 783 F. Supp.

1455, 1459 (D.D.C. 1992) ("'summary judgment appropriate only after . . . a full opportunity to

conduct discovery'") (citation omitted).

Sindram failed to do what the Court asked of him – to provide a "response" to

Defendant's Motion to Dismiss – even after providing him an extended period in which to do so.

Instead, Sindram has submitted a Motion for Summary Judgment, which is not responsive to Merriwether's Motion to Dismiss, but is a confused mess of new and distinct claims that were not a part of his Complaint.

> **B.    Even If Sindram's Motion For Summary Judgment Is Considered A Response To Defendant's Motion To Dismiss, It Fails To Address The Argument Made By Defendant**

Even if Sindram's Motion for Summary Judgment can somehow be viewed as a response to Defendant's Motion to Dismiss, it fails to address the *only* argument made by Defendant.  Thus, the argument is conceded.  *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded") (citations omitted); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp.2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded") (citations omitted); *Bancoult v. McNamara*, 227 F. Supp.2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case") (citations omitted).

### II.    <u>CONCLUSION</u>

Defendant Merriwether respectfully requests that the Court deny Sindram's "Motion to Strike Dismissal," deny Sindram's Motion for Summary Judgment, and award Defendant any relief as the Court deems just and proper.

Respectfully submitted,

  -s- Darrell R. VanDeusen
Darrell R. VanDeusen, Bar No. MD 08231
Clifton R. Gray, D.C. Bar No. 498559
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300

Counsel for Defendant Darline Merriwether