# UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
        Disabled Veteran/Plaintiff,

v.                                                          Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
        Defendant.

\*                        \*                        \*                        \*

## OPPOSITION TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DISMISSAL AND MOTION FOR SUMMARY JUDGMENT; SECOND SUPPLEMENTAL RECONSIDERATION OF MOTION FOR TEMPORARY RESTRAINING ORDER; MOTION FOR SANCTIONS AND FOR RELATED RELIEF

Disabled Veteran/Plaintiff, Michael Sindram, *pro-se*, in his Opposition to defendant's memorandum in opposition to Plaintiff's Motion To Strike Dismissal And Motion For Summary Judgment; Second Supplemental Reconsideration Of Motion For Temporary Restraining Order; Motion For Sanctions And For Related Relief, states as follows:

1. On December 29, 2006 in accordance with Order of Court of November 29, 2006 Plaintiff filed his Opposition to defendant's "motion to dismiss." On January 4, 2007 this Court improvidently dismissed Plaintiff's cause of action indicating it had not received Plaintiff's Opposition filed December 29, 2006. On January 9, 2007 chamber clerk Monique Moore was presented Plaintiff's file-stamped Opposition copy: **"2006 DEC 29 PM 5:22." Fed. R. Civ. P. 60(a):** *"Clerical mistakes in judgments, orders or other parts of record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders."* This Honorable Court has yet to correct the record as stipulated to reinstate this case forthwith.

2. **Leave To File Verified Complaint:** *"7. In addition to denying Plaintiff his requested entitled reasonable accommodations, defendant* [Merriwether] *took the liberty to confiscate Plaintiff's family heirloom keepsake legal-sized camouflaged Bible. In spite of repeated demand for its return, defendant now bars Plaintiff from WRH* [Walter Reed Hospital]*."* Defendant's "motion to dismiss" provides no response to Plaintiff's Verified Complaint paragraph 7 recited above so that relief sought to be treated as conceded and should now be granted. Summary judgment is appropriate in this case where there are no genuine issues of material fact in dispute.

3. **Leave To File Verified Complaint:** *" 8. On November 20, 2005 Plaintiff did attempt unaccompanied access to WRH gym but was viciously attacked by attending clerk at behest of defendant. As a direct and proximate result of defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed rights, Plaintiff sustained physical injury, mental trauma, and loss of the enjoyment of life."*
Defendant's "motion to dismiss" provides no response to Plaintiff's Verified Complaint paragraph

**RECEIVED**

JAN 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

8 recited above so that relief sought to be treated as conceded and should now be granted. Summary judgment is appropriate in this case where there are no genuine issues of material fact in dispute.

4. **Reconsideration Of Motion For Temporary Restraining Order And For Related Relief: "1.** *Plaintiff is a disabled veteran, currently receiving 40% disability from Department of Veterans Affairs. Plaintiff is also under doctor Restrictions limited Walking and Standing Osteoarthritis Both Knees.* **(Exhibit A)** *Plaintiff requires emergency medical care at Walter Reed Hospital however, defendant Merriwether has orchestrated a complete and total bar from said hospital to satisfy an extra-judicial claim instituted as a private matter to achieve an end unintended by law and in fact having had that intended effect to deny Plaintiff entitled required emergency medical care. In addition, defendant Merriwether continues to unconstitutionally retain Plaintiff's property in spite of repeated request to return same."* Defendant's "motion to dismiss" provides no response to Reconsideration Of Motion For Temporary Restraining Order And For Related Relief paragraph 1 recited above so that relief sought to be treated as conceded and should now be granted. Summary judgment is appropriate in this case where there are no genuine issues of material fact in dispute.

5. **Supplemental Reconsideration Of Motion For Temporary Restraining Order And For Related Relief: "2.** *The government knows, or should know, Plaintiff is denied his constitutionally-guaranteed health care at Walter Reed Hospital (WRH). Plaintiff is also denied return and enjoyment of his family heirloom Bible precisely because of defendant's wanton and willful rancorous malicious misconduct and total diregard of this disabled Veteran's rights. See disabled Veteran Letter of September 8, 2006.* **(Exhibit 1)"** Defendant's "motion to dismiss" provides no response to Supplemental Reconsideration Of Motion For Temporary Restraining Order And For Related Relief paragraph 2 recited above so that relief sought to be treated as conceded and should now be granted. Summary judgment is appropriate in this case where there are no genuine issues of material fact in dispute.

6. "Defendant's memorandum in opposition to Plaintiff's Motion To Strike Dismissal And Motion For Summary Judgment" attempts to shoehorn case law favorable to Plaintiff's case. *"On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to plaintiff and must grant plaintiff benefit of all inferences that can be derived from alleged facts."* ***Hopkins v. Women's Div., Gen. Bd. of Global Ministries***, 238 F. Supp.2d 174, 177 (D.D.C. 2002) [citing ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); ***Kowal v. MCI Communications Corp.***, 16 F.3d 1271, 1276 (D.C.Cir.1994)]. *"The Court will dismiss a claim pursuant to Rule 12(b)(6) only if defendant can demonstrate 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"* Id. [citing ***Conley***, 355 U.S. at 45-46, 78 S.Ct. 99]. Defendant has not now nor has it ever made any showing beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Defendant remains silent on causes of action averred by Plaintiff because she can make no such showing.

7. *"This court may issue a preliminary injunction only when the movant demonstrates: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if*

injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Bancoult v. McNamara*, 227 F. Supp.2d 144, 150 (D.D.C. 2002) [citing *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C.Cir.1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C.Cir.1995); *see also World Duty Free Americas, Inc. v. Summers*, 94 F.Supp.2d 61, 64 (D.D.C.2000)]. Plaintiff's constitutionally-guaranteed emergency medical care hangs in the balance while time clock continues to tick without affirmative action taken by this Court. Certainly, Plaintiff has demonstrated a substantial likelihood of success on the merits. Plaintiff has suffered and continues to suffer irreparable injury if the injunction is not granted. Plaintiff has shown that an injunction would not substantially injure other interested parties. Plaintiff has also shown that the public interest would be furthered by the injunction not only on his behalf but that of all disabled Veterans, who have served our country more than most! Clearly, the injunction should now be granted.

    8. **D.C. Bar Rules of Professional Conduct 3.1:** *"A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."* Defendant has shown no good reason why Plaintiff's emergency medical care and therapy should be interrupted and permanently discontinued to endanger Plaintiff's health, livelihood, and well-being.

    9. **D.C. Bar Rules of Professional Conduct 3.2(a):** *"In representing a client, a lawyer shall not delay a proceeding when the lawyer knows or when it is obvious that such action would serve solely to harass or maliciously injure another."* Defendant continues to harass and maliciously injure Plaintiff to cause his disabled Veteran undue burden, expense, and hardship; notwithstanding, denial of emergency medical care and therapy.

    10. **D.C. Bar Rules of Professional Conduct 3.3(a):** *"A lawyer shall not knowingly: (1) Make a false statement of material fact or law to a tribunal; (4) Offer evidence that the lawyer knows to be false."* Defendant's intent to deceive and mislead this Court is painstakingly obvious to work reputational and economic harms and injuries against Plaintiff. Defense counsel tends to inflate his status to represent the facts as he would like them to be rather than as they actually are.

    WHEREFORE, good cause having been shown and premises considered, Order should now pass:

    1. Reinstating Disabled Veteran's weighty meritorious cause of action forthwith;

    2. Granting Disabled Veteran's Second Supplemental Reconsideration Of Motion For Temporary Restraining Order to resume Disabled Veteran/Plaintiff's medical care and therapy at Walter Reed Hospital forthwith;

    3. Granting Disabled Veteran's Motion For Sanctions And For Related Relief against defendant and defense counsel collectively, jointly, severally, and individually in the amount of Seven Hundred Fifty Dollars ($750.00) to bring this Opposition and Motion;

4.  Such other and further relief as to this Court appears just and proper.

In God we trust:

*Michael Sindram*

Michael Sindram, Disabled Veteran/Plaintiff
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## RENEWED REQUEST FOR EXPEDITED HEARING

Renewed request for expedited hearing made as to all issues herein to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Opposition to defendant's memorandum in opposition to Plaintiff's Motion To Strike Dismissal And Motion For Summary Judgment; Second Supplemental Reconsideration Of Motion For Temporary Restraining Order; Motion For Sanctions And For Related Relief, was mailed, postage prepaid, this 26th day of January [Happy Sabbath!] to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

*Michael Sindram*
Michael Sindram

*Take the impurities out of silver and artist can produce a thing of beauty. Keep evil advisers away from the king [judge] and his government [court] will be known for its justice.*
**Proverbs 24:15-16 (TEV)**

*Make it <u>your</u> aim to do what is right, not what is evil, so that <u>you</u> may live. Hate what is evil, love what is right, and see that justice prevails in the courts…let justice flow like a stream, and righteousness like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what <u>you</u> want them to do for <u>you</u>!*
**Matthew 7:12a**

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

*RECEIVED*

*JAN 26 2007*

*NANCY MAYER WHITTINGTON, CLERK*
*U.S. DISTRICT COURT*

MICHAEL SINDRAM,
       Disabled Veteran/Plaintiff,

    v.                                    Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
       Defendant.

\*            \*            \*            \*

## CERITIFICATE REGARDING DISCOVERY

    I HEREBY CERTIFY that on this 26th day of January [Happy Sabbath!], 2007 a true and correct copy of Plaintiff's First Set Of Interrogatories And Demand For Production Of Documents was mailed, postage prepaid, to:

        Darrell R. Van Deusen, Bar No. MD 08231
        1823 York Rd.
        Timonium, Md 21093

                            **In God we trust:**
                            *Michael Sindram*
                            Michael Sindram, Plaintiff, *Pro-Se*
                            6817 Georgia Ave., N.W. #204
                            Washington, D.C. 20012
                            (202)722-6281

## CERITIFICATE OF SERVICE

    I HEREBY CERTIFY that copy of foregoing Certificate Of Discovery was mailed, postage prepaid, this 26th day of January [Happy Sabbath!], 2007 to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

                            *Michael Sindram*
                            Michael Sindram

       *Make it **your** aim to do what is **right**, not what is evil, so*
       *that **you** may live. Hate what is evil, love what is **right**, and*
       *see that justice prevails in the courts...let justice flow like*
       *a stream, and righteousness like a river that never goes dry.*
       **Amos 5:14a, 15a, 24 (TEV)**

       *Do for others what **you** want them to do for **you**!*
       **Matthew 7:12a**