UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MICHAEL SINDRAM,                             )
                                             )
      Plaintiff,                             )
                                             )
v.                                           )   Civil Action No.  06-1348 (RBW)
                                             )
DARLINE MERRIWETHER,                         )
                                             )
      Defendant.                             )
_____ )

**ORDER**

On July 31, 2006, the plaintiff filed a complaint in this Court alleging violations of 42 U.S.C. § 12131 (2000) and 28 C.F.R. § 35.130(a) (2006) based on discrimination by a public entity on the basis of disability.[1] Leave to File Verified Complaint ("Compl.") ¶ 3. On October 11, 2006, the defendant filed a motion to dismiss the plaintiff's Complaint. The plaintiff, proceeding pro se, failed to file an opposition to the dismissal motion within the time prescribed by Local Rule 7(b) ("[w]ithin 11 days of the date of service . . . an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."). Therefore, on November 29, 2006, this Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), advising the plaintiff that failure to file an opposition to the defendant's motion by December 29, 2006, would result in the Court treating the motion as conceded and entering judgment in favor of the defendant. December 29, 2006 Order. As a result of the Court's docket indicating that the plaintiff neither filed an opposition nor requested an extension of time to

---

[1] The plaintiff also alleges that the defendant "confiscated Plaintiff's family heirloom keepsake legal-sized camouflage Bible" and has refused to return it to him. Compl. ¶ 7.

file an opposition, this Court, on January 4, 2007, granted the defendant's motion to dismiss. January 4, 2007 Order.

Then, on January 9, 2007, the plaintiff filed a Motion to Strike Dismissal, which requested relief from the order of this Court dismissing his complaint for failure to respond to the defendant's motion to dismiss.  Plaintiff's Motion to Strike Dismissal ("Pl.'s Mot.") The plaintiff asserts that although he responded to the defendant's motion to dismiss by placing his filings in the drop box of the clerk's office on December 29, 2006, at 5:22 p.m., the docket entries in this matter did not reflect receipt of his "December 29, 2006 Opposition captioned Motion For Summary Judgment; in Alternative, Motion for Judgement on Pleadings And For Appropriate Relief; In Further Alternative; Writ of Coram Nobis."  Pl'.'s Mot. at ¶ 3. The plaintiff asserts that as a result of the "clerical error this Honorable Court improvidently dismissed this case on January 4, 2007 of which 'dismissal' should now be vacated and this case reinstated forthwith." Id. at ¶ 4.

Upon review of the record, the Court finds that the plaintiff, who as noted is proceeding pro se, timely filed a response to the defendant's motion to dismiss but it was not properly docketed to reflect that the motion had been filed on December 29, 2006.  The plaintiff has provided evidence that his filing was time stamped for December 29, 2006, at 5:22 p.m., and therefore satisfied the deadline imposed by this Court.  Motion For Summary Judgment; in Alternative, Motion for Judgement on Pleadings And For Appropriate Relief; In Further Alternative; Writ of Coram Nobis at 1.  The Court's conclusion conforms with its obligation to ensure that pro se litigants are not denied access to the judicial process due to their unfamiliarity with the process.  Calloway v. Brownlee, 366 F.Supp.2d 43, 55

(D.D.C.2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors") (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Therefore, the Court concludes that the plaintiff's complaint was improperly dismissed based on his failure to timely file an opposition to the defendant's motion to dismiss.[2]

The Court notes that the plaintiff is a "serial litigant," see Sindram v. Circuit City, Civ. No. 92-2138, 1992 WL 391359, at *2 (D.D.C. Dec. 14, 1992), who has filed numerous duplicative or frivolous actions in this Court and other Courts.  The constitutional right of access to the courts is not absolute or unconditional.  In re Green, 669 F.2d 779, 785 (D.C. Cir. 1981).  If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice."  Urban v. United States, et al., 768 F.2d 1497, 1500 (D.C. Cir. 1985).  The plaintiff has a persistent record of filing frivolous and duplicative lawsuits.  In addition to an order issued by this Court, see Sindram v. Saunders, No. 03-2110, slip op. at 2-3 (D.D.C. Aug. 11, 2004), limitations on the filing of additional pleadings by the plaintiff have been imposed by the United States Supreme Court, see In re Michael Sindram, 498 U.S. 177 (1991), and the United States Court of Appeals for the District of Columbia Circuit, see Sindram v. Johnson, No. 91-7110, 1993 WL 135959 (D.C. Cir. April 20, 1993).  Once again, the plaintiff's litigation practices and now his personal behavior have become disruptive to the orderly functioning of this Court.

---

[2] The plaintiff's opposition to the defendant's motion to dismiss, which is attached to his Motion to Strike Dismissal, is deemed filed with this Court as an opposition to the defendant's motion to dismiss and not as a motion for summary judgment.

Accordingly, it is hereby this 29th day of January, 2007,

**ORDERED** that the plaintiff shall not file any duplicate motions that have already been filed in this matter and pending resolution by this Court. It is further

**ORDERED** that the plaintiff shall not visit or come by the chambers of Judge Reggie B. Walton or any other judge for any reason, including but not limited to, providing courtesy copies of his court filings.[3] It is further

**ORDERED** that the plaintiff's Motion to Strike Dismissal and reinstate this matter is **GRANTED** and this case shall be reopened. It is further

**ORDERED** that the defendant shall file a reply to the plaintiff's opposition to its motion to dismiss by February 12, 2007.

**SO ORDERED** this 30th day of January, 2007.

Reggie B. Walton
United States District Judge

---

[3] The plaintiff has visited the chambers of this Judge on two separate occasions after being instructed by Court staff that litigants are not allowed to visit chambers, including but not limited to, discussing substantive issues relating to pleadings submitted to the Court. Moreover, on January 26, 2007, the plaintiff visited the office of the Court's clerk and engaged in a verbal dispute with a staff member of the clerk's office regarding the filing of his pleadings. The staff member promptly notified chambers that the plaintiff was irate and was proceeding to chambers to discuss the filing of his pleadings. When the plaintiff contacted chambers by use of the intercom system to gain entry, he was informed by staff that he was not allowed to visit chambers based on his disruptive behavior. Subsequently, the plaintiff yelled into the intercom that "they are not filing my pleadings." As a result of the plaintiff's unprofessional and disruptive behavior, the plaintiff shall use the mail system to submit any courtesy copies to the Court and shall submit any requests to this Court in the form of motions.