IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL SINDRAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 06-1348 (RBW) |
| DARLINE MERRIWETHER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Darline Merriwether ("Merriwether"), by her undersigned counsel, submits this Reply to *pro se* Plaintiff Michael Sindram's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition").[1] As discussed in Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike Dismissal and Motion for Summary Judgment, filed on January 16, 2007, Plaintiff's Opposition provides no response to Defendant's Motion to Dismiss, but instead attempts to shoehorn new and different causes of action against Merriwether that were never part of Plaintiff's Complaint. Merriwether's Motion to Dismiss should be granted.

### I. PLAINTIFF'S OPPOSITION IS AN INADEQUATE RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff's Opposition is completely devoid of any argument in law or fact as to how Merriwether, an individual, can be sued under Title II of the ADA. This was the *only*

---

[1] Although Plaintiff's response to Defendant's Motion to Dismiss was titled "Motion for Summary Judgment; In Alternative, Motion for Judgment on Pleadings and for Appropriate Relief; In Further Alternative, Writ of Coram Nobis," the Court, in its January 30, 2007 Order, noted that the motion would be considered "as an opposition to defendant's motion to dismiss and not as a motion for summary judgment." Order at 3 n.2.

argument made in Merriwether's Motion to Dismiss. Instead, Sindram's "Opposition" attempts to inject new claims against Merriwether; claims which have never been part of his Complaint.

At the beginning of Plaintiff's Opposition, he states that "[u]nder color of law Merriwether is liable for [a] series of retaliatory and harassing action acts over a two year period sufficient to state continuing tort violation and intentional infliction of emotional distress claim under District of Columbia law," thereafter citing "D.C. Code 1981, § 12-301(8)."[2] Pl. Opposition at 2. In the following paragraph, Sindram asserts a violation of the Eighth Amendment, claiming "monetary damages and injunctive relief" under 42 U.S.C. § 1983. *Id.* But the sole claim Sindram brought was a claim against Merriwether for alleged violations of Title II of the ADA.[3]

Because he has not addressed the only argument made by Merriwether in her Motion to Dismiss -- that, as an individual, she cannot be sued under Title II of the ADA -- the argument is conceded. *See Hopkins v. Women's Div. General Bd. of Global Ministries*, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (Judge Walton) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded") (citations omitted); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp.2d 154, 159 (D.D.C. 2002) (Judge Urbina) ("If a party fails to counter an argument that the opposing

---

[2] It is unclear why Sindram cites this statute, as it pertains to the statute of limitations for bringing actions, and does not provide support for the statement immediately preceding the citation to the statute.

[3] Even if these new allegations were properly before the Court, they would fail because Merriwether is not a government employee, but an employee of a private company.

party makes in a motion, the court may treat that argument as conceded") (citations omitted); *Bancoult v. McNamara*, 227 F. Supp.2d 144, 149 (D.D.C. 2002) (Judge Urbina) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case") (citations omitted).

## II. CONCLUSION

For the stated reasons, as well as those in Defendant's Motion to Dismiss, Defendant Merriwether respectfully requests that the Court dismiss the Complaint with prejudice, and award Defendant any relief as the Court deems just and proper.

Respectfully submitted,

    *-s-* Darrell R. VanDeusen
Darrell R. VanDeusen, Bar No. MD 08231
Clifton R. Gray, D.C. Bar No. 498559
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300

Counsel for Defendant Darline Merriwether