IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL SINDRAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 06-1348 (RBW) |
| DARLINE MERRIWETHER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDGMENT ON PLEADINGS,
TO COMPEL DISCOVERY AND FOR SANCTIONS, AND FOR RELATED RELIEF**

Defendant Darline Merriwether ("Merriwether") opposes Plaintiff Michael Sindram's Motion for Judgment on Pleadings, to Compel Discovery and for Sanctions, and for Related Relief ("Motion for Judgment"). Sindram's Motion is disingenuous and improper; it should be denied. Sindram's Complaint should be dismissed with prejudice.

**I.    PROCEDURAL BACKGROUND**

On July 31, 2006, Sindram filed a Complaint against Merriwether, an individual, alleging a violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq*. On October 11, 2006, Merriwether filed a Motion to Dismiss Sindram's Complaint. The Motion to Dismiss was grounded upon settled law that Title II ADA claims cannot be brought against individuals.

Sindram finally responded to Merriwether's Motion to Dismiss on December 29, 2006, after the Court permitted him additional time to respond. Although titled a "Motion for Summary Judgment," the Court accepted Sindram's filing as an opposition to Merriwether's Motion to Dismiss. *See* Court Order of January 30, 2007, p. 3 n.2. On January 26, 2007,

Sindram mailed to Merriwether's counsel a "First Set of Interrogatories and Demand for Production of Documents." Ex. 1.

On February 5, 2007, Merriwether filed a Reply to Sindram's opposition to the Motion to Dismiss.[1] Included in the copy of this Reply that was mailed to Sindram was a letter from Merriwether's counsel. Ex. 2. In this letter, Merriwether's counsel explained to Sindram that, because the matter was still in the procedural motions stage, his discovery requests were not appropriate. *Id.*

On March 5, 2007, with a ruling on Merriwether's Motion to Dismiss still pending, Sindram filed his present Motion, claiming that Merriwether's Motion to Dismiss and Reply to Sindram's opposition to the Motion to Dismiss "fail[] to address merits of Plaintiff's weighty cause of action" and that "Plaintiff is entitled to judgment on the pleadings." Motion for Judgment at 1.

## II.   SINDRAM'S MOTION FOR JUDGMENT IS DISINGENUOUS AND IMPROPER

Sindram's Motion is, quite frankly, ridiculous. First, contrary to Sindram's claim that there was no response to his January 26 discovery submissions, defense counsel's February 5 letter to Sindram accurately stated the posture of the case, and explained why discovery requests were not appropriate and why responses would not be forthcoming. Defense counsel pointed Sindram to the Local Rule of this Court as to when discovery is appropriate. *See* LCvR

---

[1] The timing of this Reply was unusual due to the fact that the Court initially granted Merriwether's Motion to Dismiss on January 4, 2007, but after it appeared that Sindram filed a response at the eleventh hour and that the response was not properly docketed, the Court granted Sindram's Motion to Strike Dismissal and reinstated the case. *See* Court Order of January 30, 2007.

16.3.  Second, counsel for Merriwether never received the letter Sindram claims to have sent on February 25, 2007, and which he attached as Exhibit 1 to his Motion for Judgment.  Sindram's claim that he sent this letter on February 25 is suspect.  Finally, Sindram sent his Motion for Judgment in the <u>same</u> envelope in which defense counsel sent the February 5 letter to Sindram, simply by crossing out his name and writing "Return To Sender" on the envelope (essentially misappropriating postage).[2]  Ex. 3.

       Sindram's Motion for Judgment is also improper.  A motion for judgment is proper "only if, *after the close of the pleadings*, no material fact remains in dispute, and the moving party is entitled to judgment as a matter of law.'"  *Lenox Hill Hospital v. Shalala*, 131 F. Supp.2d 136, 140 (D.D.C. 2000) (Judge Harris) (citation omitted) (emphasis added).  Merriwether has filed a Motion to Dismiss, and it is not considered a responsive pleading under FRCP 7(a).  *See Ellipso, Inc. v. Mann*, 460 F. Supp.2d 99, 102 (D.D.C. 2006) (Judge Lamberth) (stating that "a motion to dismiss is not a responsive pleading"); *see also Adkins v. Safeway, Inc.*, 985 F.2d 1101, 1102 (D.C. Cir. 1993) ("Only complaints, answers, replies to counterclaims, and third-party complaints and third-party answers are 'pleadings'").  Thus, because no Answer to Sindram's Complaint has been filed by Merriwether, due to the pending Motion to Dismiss, there has been no "close of the pleadings," which is required as a prerequisite to a Motion for Judgment under FRCP 12(c), and Sindram's Motion for Judgment is inappropriate.

---

[2]Aside from showing that Sindram received the February 5 letter from defense counsel, this action by Sindram may be in violation of 18 U.S.C. § 1720, which states that "[w]hoever knowingly uses in payment of postage, and postage stamp, postal card, or stamped envelope, issued in pursuance of law, which has already been used for a like purpose . . . Shall be fined under this title or imprisoned not more than one year, or both . . . ."

### III.     CONCLUSION

Sindram's claims against Merriwether have no merit.  This case continues to waste judicial resources as well as the resources of the individual defendant.  Sindram's Motion for Judgment should be denied and the Complaint should be dismissed with prejudice.

Respectfully submitted,

_____-s- Darrell R. VanDeusen_____
Darrell R. VanDeusen, Bar No. MD 08231
Clifton R. Gray, D.C. Bar No. 498559
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300

Counsel for Defendant Darline Merriwether