LAW OFFICES

# KOLLMAN & SAUCIER, P. A.

THE BUSINESS LAW BUILDING
1823 YORK ROAD
TIMONIUM, MARYLAND 21093-5119

www.kollmanlaw.com

FRANK L. KOLLMAN
PETER S. SAUCIER
DARRELL R. VANDEUSEN
CLIFFORD B. GEIGER
PATRICK J. STEWART
ANTHONY P. PALAIGOS
ERIC PALTELL
SARAH E. LONGSON

THOMAS A. BOWDEN
KELLY CULP HOELZER
KEVIN J. ALLIS
CLIFTON R. GRAY

BALTIMORE
(410) 727-4300

WASHINGTON
(202) 408-0274

TELECOPIER
(410) 727-4391

February 5, 2007

Mr. Michael Sindram
6817 Georgia Ave. NW, #204
Washington, D.C. 20012

    Re:   **Sindram v. Merriwether**
            **Case No.: 06-1348 (RBW)**

Dear Mr. Sindram:

     I am enclosing our response to your opposition to Ms. Merriwether's motion to dismiss. The only issue before the court is whether a party is legally permitted to sue an individual under Title II of the Americans with Disabilities Act (ADA) as you have attempted to do in your complaint in this case. This is a legal question and one which we must wait for the court to answer before this matter can proceed.

     Your January 26, 2007 filing, however, also included with it discovery requests. As this matter is at the procedural motion stage, discovery is not appropriate. Even if a motion to dismiss was not pending, however, your discovery requests are not permitted under the District of Columbia District Court's local rules, which require that the parties develop a discovery plan prior to engaging in discovery. See LcvR 16.3. For these reasons, we will not respond to your discovery requests.

     Furthermore, for reasons not entirely clear, you refer in your January 26 filing to the D.C. Bar Rules of Professional Conduct. At this stage of the proceedings, we have asked the court for a legal ruling on your complaint. As you can see from our motion to dismiss and from our reply, there is a substantial body of case law that specifically says a plaintiff cannot bring the claim that you have attempted to bring



Mr. Michael Sindram
February 5, 2007
Page 2 of 2

---

against Ms. Merriwether. It is entirely appropriate for Ms. Merriwether to raise the defense that she has. Your suggestion that there has been any violation of any rule of professional conduct by me is both unwarranted and untrue.

Very truly yours,

Darrell R. VanDeusen

Enclosure