UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
            Disabled Veteran/Plaintiff,

v.                                                             Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
            Defendant.

\*                   \*                         \*                         \*

## SUPPLEMENTAL MOTION FOR JUDGMENMT ON PLEADINGS, TO COMPEL DISCOVERY AND FOR SANCTIONS, AND FOR RELATED RELIEF

    DISABLED VETERAN/Plaintiff, Michael Sindram, *pro-se*, in his Supplemental Motion For Judgment On Pleadings, To Compel Discovery And For Sanctions, And For Related Relief, states as follows:

    1. Defendant's "memorandum" in opposition to adopted and incorporated herein by reference Plaintiff's Motion For Judgment On Pleadings, To Compel Discovery And For Sanctions, And For Related Relief is her futile follow-up attempt to comply with Order of Court of January 30, 2007: **"ORDERED** *that defendant shall file a reply to Plaintiff's opposition to its motion to dismiss by February 12, 2007...Plaintiff also alleges that defendant confiscated Plaintiff's family heirloom keepsake legal-sized camouflage Bible and has refused to return it to him. Compl. ¶ 7."* Defendant's instant "memorandum" elects to stand silent with respect to Plaintiff's property retained by defendant.

    2. So stipulated by defendant in its instant "memorandum" that: *"A motion for judgment is proper 'only if,* **after close of pleadings,** *no material fact remains in dispute, and moving party is entitled to judgment as a matter of law.'"* <u>Lenox Hill Hospital v. Shalala</u>, 131 F.Supp.2d 136, 140 (D.D.C. 2000) (Judge Harris) (citation omitted) (emphasis added). Accordingly, as there are no material facts that can be in dispute, Disabled Veteran is therefore entitled to judgment as a matter of law. <u>Puma v. Sullivan</u>, 746 A.2d 871, 874 (D.C. 2000).

    3. Defendant concedes receipt of Plaintiff's properly propounded Interrogatories on January 26, 2007. Defendant continues to frustrate and obstruct these proceedings by failure to provide discovery as required by **Fed. R. Civ. P. 33(b)(3):** *"The party upon whom interrogatories have been served* **shall** *serve a copy of answers…within 30 days after service of interrogatories."* Up to, and including the present defendant has not provided entitled discovery. Defendant continues to obfuscate Plaintiff's ability to prepare for a well-informed trial because of defendant's acknowledged failure to provide discovery as required by Rules of this Court to cause Disabled Veteran undue burden, expense, and hardship; notwithstanding prejudice that inures Plaintiff as a direct and proximate result of defendant's wanton and willful rancorous malicious misconduct and total disregard of Plaintiff's constitutionally-guaranteed right to prepare for a well-informed trial.

RECEIVED
MAR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4. Rules of this Court are explicit: discovery is not held in abeyance pending defendant's procedural "motion" (and her dilatory failure to answer) notwithstanding her failure to comply with Order of Court of January 30, 2007. Defendant's instant "memorandum" is dilatory and frivolous that lacks any credible basis in fact or law

WHEREFORE, good cause having been shown and premises considered, Order should now pass:
1. Granting Supplemental Motion For Judgment On Pleadings;
2. Granting Motion To Compel Discovery And For Sanctions of $750.00;
3. Such other and further relief as to this Honorable Court appears just and proper.

In God we trust:
*Michael Sindram*
Michael Sindram, Disabled Veteran/Plaintiff
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## RENEWED EXPEDITED HEARING REQUEST
Renewed expedited hearing request made as to all issues herein to be advanced on Court's calendar to earliest practicable date to aid in the decisional process. When rights of one are violated rights of *all* are endangered! Injustice anywhere is a threat to justice everywhere! [Martin King] Indeed, justice delayed is "just-ice" denied!

Michael Sindram

## CERTIFICATE OF SERVICE
I HEREBY CERTIFY that copy of foregoing was mailed, postage prepaid, this 23rd day of March [Happy Sabbath!], 2007 to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

Michael Sindram

*Take the impurities out of silver and artist can produce a thing*
*of beauty. Keep evil advisers away from the king* [judge] *and*
*his government* [court] *will be known for its justice.*
**Proverbs 24:15-16 (TEV)**

*Make it* **your** *aim to do what is* **right,** *not what is evil, so*
*that* **you** *may live. Hate what is evil, love what is* **right,** *and*
*see that* **justice** *prevails in the* **courts…let** **justice** *flow like*
*a stream, and* **righteousness** *like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what* **you** *want them to do for* **you**!
**Matthew 7:12a (TEV)**

Neither retains any vitality under the Rules of Evidence. The old prohibition against impeaching one's own witness is eliminated by Evidence Rule 607. The lack of recognition in the Rules of Evidence of state rules of incompetency in the Dead Man's area renders it unnecessary to consider aspects of waiver arising from calling the incompetent party-witness. Subdivision (c) is deleted because it appears to be no longer necessary in the light of the Rules of Evidence.

### 1980 Amendment

**Subdivision (a)(1).** Rule 801(d) of the Federal Rules of Evidence permits a prior inconsistent statement of a witness in a deposition to be used as substantive evidence. And Rule 801(d)(2) makes the statement of an agent or servant admissible against the principal under the circumstances described in the Rule. The language of the present subdivision is, therefore, too narrow.

**Subdivision (a)(4).** The requirement that a prior action must have been dismissed before depositions taken for use in it can be used in a subsequent action was doubtless an oversight, and the courts have ignored it. See Wright & Miller, *Federal Practice and Procedure: Civil* § 2150. The final sentence is added to reflect the fact that the Federal Rules of Evidence permit a broader use of depositions previously taken under certain circumstances. For example, Rule 804(b)(1) of the Federal Rules of Evidence provides that if a witness is unavailable, as that term is defined by the rule, his deposition in any earlier proceeding can be used against a party to the prior proceeding who had an opportunity and similar motive to develop the testimony of the witness.

### 1987 Amendment

The amendment is technical. No substantive change is intended.

### 1993 Amendments

**Subdivision (a).** The last sentence of revised subdivision (a) not only includes the substance of the provisions formerly contained in the second paragraph of Rule 30(b)(2), but adds a provision to deal with the situation when a party, receiving minimal notice of a proposed deposition, is unable to obtain a court ruling on its motion for a protective order seeking to delay or change the place of the deposition. Ordinarily a party does not obtain protection merely by the filing of a motion for a protective order under Rule 26(c); any protection is dependent upon the court's ruling. Under the revision, a party receiving less than 11 days notice of a deposition can, provided its motion for a protective order is filed promptly, be spared the risks resulting from nonattendance at the deposition held before its motion is ruled upon. Although the revision of Rule 32(a) covers only the risk that the deposition could be used against the non-appearing movant, it should also follow that, when the proposed deponent is the movant, the deponent would have "just cause" for failing to appear for purposes of Rule 37(d)(1). Inclusion of this provision is not intended to signify that 11 days' notice is the minimum advance notice for all depositions or that greater than 10 days should necessarily be deemed sufficient in all situations.

**Subdivision (c).** This new subdivision, inserted at the location of a subdivision previously abrogated, is included in view of the increased opportunities for video-recording and audio-recording of depositions under revised Rule 30(b). Under this rule a party may offer deposition testimony in any of the forms authorized under Rule 30(b) but, if offering it in a nonstenographic form, must provide the court with a transcript of the portions so offered. On request of any party in a jury trial, deposition testimony offered other than for impeachment purposes is to be presented in a nonstenographic form if available, unless the court directs otherwise. Note that under Rule 26(a)(3)(B) a party expecting to use nonstenographic deposition testimony as substantive evidence is required to provide other parties with a transcript in advance of trial.

### HISTORICAL NOTES

**Effective Date of Amendment Proposed November 20, 1972**

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub.L. 93–595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2071 of Title 28.

## Rule 33. Interrogatories to Parties

**(a) Availability.** Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

**(b) Answers and Objections.**

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
          Disabled Veteran/Plaintiff,
v.
DARLENE MERRIWETHER,
          Defendant.

Civil Action No.06-1348(RBW)

\*      \*      \*      \*

## MOTION FOR JUDGMENT ON PLEADINGS, TO COMPEL DISCOVERY AND FOR SANCTIONS, AND FOR RELATED RELIEF

Disabled Veteran/Plaintiff, Michael Sindram, *pro-se*, in his Motion For Judgment On Pleadings, To Compel Discovery And For Sanctions, And For Related Relief, states as follows:

1. Order of Court of January 30, 2007: "ORDERED that defendant shall file a reply to Plaintiff's opposition to its motion to dismiss by February 12, 2007." Defendant's "reply" simply regurgitates its motion to dismiss and fails to address merits of Plaintiff's weighty cause of action.

2. Footnote 1 of Order of Court of January 30, 2007: "Plaintiff also alleges that defendant 'confiscated Plaintiff's family heirloom keepsake legal-sized camouflage Bible' and has refused to return it to him. Compl. ¶ 7." It is well understood in this Circuit that when a defendant files an opposition to a motion for summary judgment addressing only certain arguments raised by Plaintiff, this Honorable Court may treat those arguments that defendant failed to address as conceded. Clearly, Plaintiff is entitled to judgment on the pleadings.

3. Defendant was served on January 26, 2007 Plaintiff's First Set Of Interrogatories And Demand For Production Of Documents. Defendant failed to provide discovery within 30 days as required by **Fed. R. Civ. P. 33(B)(3)**. Plaintiff wrote counsel on February 25, 2007 again requesting discovery without response to date. (Exhibit 1) Motion To Compel Discovery And For Sanctions is now ripe for determination.

WHEREFORE, good cause having been shown and premises carefully considered, Order should now pass as follows:

1. Granting Motion For Judgment On Pleadings;
2. Granting Motion To Compel Discovery And For Sanctions of $300.00;
3. Such other and further relief as to this Court appears just and proper.

In God we trust:

*Michael Sindram*
Michael Sindram, Disabled Veteran/Plaintiff
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012

### EXPEDITED HEARING REQUEST

Expedited hearing request made as to all issues herein to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

### CERITIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing was mailed, postage prepaid, this 2nd day of March, 2007 to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

*Michael Sindram*
Michael Sindram

UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

RECEIVED
JAN 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL SINDRAM,
      Disabled Veteran/Plaintiff,

v.                                    Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
      Defendant.

\*            \*            \*            \*

## CERITIFICATE REGARDING DISCOVERY

    I HEREBY CERTIFY that on this 26th day of January [Happy Sabbath!], 2007 a true and correct copy of Plaintiff's First Set Of Interrogatories And Demand For Production Of Documents was mailed, postage prepaid, to:

    Darrell R. Van Deusen, Bar No. MD 08231
    1823 York Rd.
    Timonium, Md 21093

**In God we trust:**
*Michael Sindram* (signature)
Michael Sindram, Plaintiff, *Pro-Se*
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281

## CERITIFICATE OF SERVICE

    I HEREBY CERTIFY that copy of foregoing Certificate Of Discovery was mailed, postage prepaid, this 26th day of January [Happy Sabbath!], 2007 to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

*Michael Sindram* (signature)
Michael Sindram

*Make it **your** aim to do what is right, not what is evil, so that **you** may live. Hate what is evil, love what is right, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.*
Amos 5:14a, 15a, 24 (TEV)

*Do for others what **you** want them to do for **you**!*
Matthew 7:12a

## UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
          Disabled Veteran/Plaintiff,

v.                                                    Civil Action No.06-1348(RBW)

DARLENE MERRIWETHER,
          Defendant.

\*                   \*                \*                \*

## **FIRST SET OF INTERROGATORIES AND DEMAND FOR PRODUCTION OF DOCUMENTS**

**TO: Darlene Merriwether**

**FROM: Michael Sindram**

    The following Interrogatories are directed to you, pursuant to the Rules of this Court. You are hereby directed to answer each of them separately and under oath and to serve a copy of your Answers thereto upon the undersigned within the time required by the Rules of this Court:

    (a) These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.

    (b) Where the name or identity of a person is requested, please state full name, home address, and also business address if known.

    (c) Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

    (d) Where knowledge or information or possession of a party is requested, such request includes knowledge of the party's agents, representatives, consultants, investigators and, unless privileged, his/her attorneys. When answer is made by a corporate defendant, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his/her information.

    (e) The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause (d).

    (f) These Interrogatories must be answered completely. If you are unable to answer, you must state all those reasons which account for your inability to answer.

Q.1. State your full name, home address, work address, date of birth, marital status, educational background, and social security number.
Q.2. State with particularity written communication you had with Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.3. State with particularity interaction by you with Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.4. State any all person(s) you contacted on behalf of Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.5. State with particularity military records/documents you obtained about Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.6. State with particularity medical records/documents you obtained about Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.7. State with particularity authorization/release form(s) you obtained from Plaintiff to receive records/documents about Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.8. State with specificity medical personnel you contacted regarding Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.9. State with specificity any statement you elicited from anyone about Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.10. State any law enforcement report initiated by you regarding any altercation you had with Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.11. State any contact you had with Office of Center Judge Advocate regarding Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.12. State any documents you submitted to Office of Center Judge Advocate regarding Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.13. State with specificity any contact you had with Plaintiff on January 27, 2006 and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.14. State with particularity any documents you gave Plaintiff on January 27, 2006 and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.15. State with particularity any letter/note you wrote anyone regarding contact with Plaintiff on January 27, 2006 and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.16. State any contact initiated by you with Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.17. State any identification you obtained from Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.18. State with specificity any reasonable public accommodation made by Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.19. State with particularity any reasonable public accommodation made for Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.20. State with specificity any item/thing you received from Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.21. State with specificity any item/thing you gave/returned to Plaintiff and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.22. State policy of your workplace regarding receipt by you of any item/thing from anyone and provide all papers, notes, ledgers, receipts, invoices, and documents of same.

Q.23. State with particularity number of years Plaintiff has been in and/or around your workplace and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.24. State medical care Plaintiff was receiving at your workplace and provide all papers, notes, ledgers, receipts, invoices, and documents of same.
Q.25. State physical therapy Plaintiff was receiving at your workplace and provide all papers, notes, ledgers, receipts, invoices, and documents of same.

**In God we trust:**
*Michael Sindram*
Michael Sindram
6817 Georgia Ave., N.W. #204
Washington, D.C. 20012
(202)722-6281


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing First Set Of Interrogatories And Demand For Production of Documents was mailed, postage prepaid, this 26th day of January [Happy Sabbath!], 2007 to: Darrell R. VanDeusen, Bar No. MD 08231, 1823 York Rd., Timonium, Md 21093.

*Michael Sindram*
Michael Sindram


*Make it **your** aim to do what is right, not what is evil, so that **you** may live. Hate what is evil, love what is right, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what **you** want them to do for **you**!*
**Matthew 7:12a (TEV)**

February 25, 2007

Darrell R. VanDeusen, Bar No. MD 08231
1823 York Road
Timonium, Md 21093

                        Re: *Michael Sindram v. Darlene Merriwether*
                           Civil Action No. 06-1348(RBW)

Dear Mr. VanDeusen,

    Greetings in Name of our LORD and Saviour Jesus the Christ!

    On January 26, 2007 you received **Plaintiff's First Set Of Interrogatories And Demand For Production Of Documents.** No response has been received to date as required by **Fed. R. Civ. P. 33(b)(3):** *"The party upon whom interrogatories have been served shall serve a copy of answers, and objections if any, within 30 days after service of interrogatories."* Kindly provide entitled requested discovery within five (5) days to avoid further court action.

                                            In God we trust:
                                            *Michael Sindram*
                                            Michael Sindram
                                            6817 Georgia Ave., N.W. #204
                                            Washington, D.C. 20012

Encl: as cited

cc: Clerk of Court

                    *Do for others what <u>you</u> want them to do for <u>you</u>!*
                                  **Matthew 7:12a**