## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
MICHAEL SINDRAM[1],                               )
                                                  )
            Plaintiff,                            )
                                                  )
      v.                                          )      Civil Action No.  06-1348 (RBW)
                                                  )
DARLINE MERRIWETHER[2],                           )
                                                  )
            Defendant.                            )
_____           )

## <u>MEMORANDUM OPINION</u>

### I.  Background

On July 31, 2006, the plaintiff, proceeding <u>pro se,</u> filed[3] this action alleging that he is

a "disabled veteran" and that the defendant, Darline Merriwether, "has orchestrated a

vendetta . . . against [him] and is [an] agent for Walter Reed Hospital ("WRH"), the public

_____

[1] The plaintiff is a "serial litigant," <u>see</u> <u>Sindram v. Circuit City</u>, Civ. No. 92-2138, 1992 WL 391359, at *2 (D.D.C. Dec. 14, 1992), who has filed numerous duplicative or frivolous actions in this Court and other courts.  The constitutional right of access to the courts is not absolute or unconditional. <u>In re Green</u>, 669 F.2d 779, 785 (D.C. Cir. 1981).  If a litigant persistently abuses the judicial process by filing repetitive, frivolous lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice."  <u>Urban v. United States, et al.</u>, 768 F.2d 1497, 1500 (D.C. Cir. 1985).  In addition to an order issued by this Court, <u>see</u> <u>Sindram v. Saunders</u>, Civ. Action No. 03-2110, slip op. at 2-3 (D.D.C. Aug. 11, 2004), limiting the filing of additional pleadings by the plaintiff , similar restrictions have been imposed by the Supreme Court, <u>see</u> <u>In re Michael Sindram</u>, 498 U.S. 177 (1991), and the District of Columbia Circuit, <u>see</u> <u>Sindram v. Johnson</u>, No. 91-7110, 1993 WL 135959 (D.C. Cir. April 20, 1993).  In fact, in light of the Order issued by another member of this Court in <u>Sindram v. Saunders</u>, Civ. No. 03-2110, slip op. at 2-3 (D.D.C. Aug. 11, 2004), the plaintiff had to obtain leave of Court to file this action.  August 11, 2004 Order issued by Judge Gladys Kessler.

[2] The Court has changed the spelling of Ms. Merriwether's first name based on the government's representation that her name has been mispelled by the plaintiff in his complaint.  Defendant's Motion to Dismiss ("Def.'s Mot.") at 1 n.1.

[3] The Court construes a filing made by the plaintiff entitled "Leave to File Verified Complaint", Docket Entry Number 6, as his complaint in this action.

entity under Title II of the ADA [the American with Disabilities Act ("ADA")], 42 U.S.C.

§12131(1) (2000), and as such, is required to ensure that no qualified individual with a

disability shall, on the basis of [his] disability, be excluded from participation in or be denied

benefits of the services, programs, or activities of a public entity."  Complaint ("Compl.") at

1 (internal quotation marks omitted).[4]  As an example of the purported ADA violations,  the

plaintiff inartfully alleges that he is entitled to protection under the ADA due to his

disabilities but was denied reasonable accommodations at WRH related to his "requirements

[for] medical care, outpatient . . . follow-up at the orthopaedic, occupational therapy, and

physical therapy [at] clinics and [the] recreation/gymnasium/weight room facilities of

WRH." Id. ¶4.  The plaintiff further contends that without "demonstrat[ing] that . . .

modifications [requested by]" him were made by WRH, he was "wrongful[ly] terminat[ed]

from [the hospital] on February 17, 2006," in violation of regulations that govern the

operation of the hospital.[5] Id. (modifications in original and other modifications added by the

Court). And according to the plaintiff, his termination was wrongful because the "[a]vailable

WRH record does not explain whether the defendant made its required determination under

28 C.F.R. § 35.130(b)(7) . . . that allowing [the plaintiff to continue to receive treatment at

---

[4] The plaintiff also asserts that the defendant confiscated and has refused to return upon repeated requests his "family heirloom keepsake legal-sized camouflage Bible." Compl. ¶7. The Court cannot fathom how this allegation has any bearing on his ADA violation claims. Further, the plaintiff asserts in paragraph 8 of his complaint a claim of assault and battery but he does not allege how this Court could exercise jurisdiction over this claim or what the basis is for the allegation that the alleged attack  was committed at the defendant's behest. Id. ¶8. The Court has done its best to decipher the essence of the allegations being made by the plaintiff and believes that what is set out below accurately states the general nature of the plaintiff's claims.

[5] The Court notes that the plaintiff did not attach to his complaint, or any other papers filed with the Court, a copy of the defendant's alleged memorandum barring him from the hospital.

the hospital] would 'fundamentally alter the nature of the service, program and activity'" of

the hospital.  <u>Id.</u> ¶6.  The plaintiff seeks to hold Ms. Merriwether responsible for the alleged

ADA violations and request that he be awarded over $1.2 million in damages and "[s]uch

other and further relief as [the] Court [deems] just and proper.  <u>Id.</u> at 3.

Currently before the Court is the defendant's Motion to Dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(6) (failure to state a claim upon which relief may be

granted.)[6]  Defendant's Motion to Dismiss ("Def.'s Mot.").  Specifically, the defendant

asserts that the plaintiff fails to state a claim upon which relief may be granted because the

defendant is an individual who cannot be sued for an alleged violation of Title II of the

ADA.  <u>Id.</u> at 2.

## II.  Standards of Review

To survive a motion to dismiss a complaint for failure to state a claim upon which relief

can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make

sufficiently detailed factual allegations in his complaint "to raise a right to relief above the

---

[6] On January 4, 2007, this Court dismissed this case and denied all pending motions because the
Court's docket reflected that the plaintiff neither filed an opposition nor requested an extension of time to
file an opposition to the defendant's motion to dismiss.  January 4, 2007 Order.  Then, on January 9,
2007, the plaintiff filed a Motion to Strike Dismissal with evidence that he had timely filed his
opposition to the defendant's Motion to Dismiss.  Plaintiff's Motion to Strike Dismissal.  Subsequently,
on January 30, 2007, the Court granted the plaintiff's Motion to Strike Dismissal and reinstated this case.
January 30, 2007 Order.  Further, the Court found that although the plaintiff's response  to the
defendant's Motion to Dismiss was titled as a "Motion for Summary Judgment; In Alternative, Motion
on Pleadings and for Appropriate Relief; In Further Alternative, Writ of Coram Nobis," the motion
would be considered as the plaintiff's  opposition to the defendant's Motion to Dismiss and not a Motion
for Summary Judgment because it was attached to his Motion to Strike Dismissal and had been timely
filed in response to this Court's <u>Fox/Neil</u> order.  Id. at 3 n.2.  Also submitted in connection with the
defendant's Motion to Dismiss are: (1) Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s
Opp'n") and (2) Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Def.'s
Reply").

speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ____, ____, 127 S. Ct. 1955, 1959 (2007).  In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, ___ U.S. ____, ____, 127 S. Ct 2197, 2200 (2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged," <u>Trudeau v. FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, ___ U.S. at ____, 127 S. Ct. at 1959 (internal quotation marks and brackets omitted).  Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as . . . factual allegation[s]." <u>Trudeau</u>, 456 F.3d at 193 (internal quotation marks and citations omitted).  For the purposes of a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. <u>EEOC v. St. Francis Xavier Parochial Sch.</u>, 117 F.3d 621, 624-25 (D.C. Cir. 1997).  Factual allegations in memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts contained in the briefs contradict those alleged in the complaint. <u>Henthorn v. Dep't of Navy</u>, 29 F.3d 682, 688 (D.C. Cir.1994); cf. <u>Behrens v. Pelletier</u>, 516 U.S. 299, 309 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III.  Legal Analysis

As noted above, the defendant requests that the Court dismiss the plaintiff's complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) because the defendant is an individual

who cannot be sued for an alleged violation of Title II of the ADA.  Compl. at 2 Mot. at 5.  In

the plaintiff's opposition, he does not address any of the assertions and arguments set forth in the

defendant's Rule 12(b)(6) motion.  See Plaintiff Opposition ("Pl.'s Opp'n.").  Instead, the

plaintiff asserts new claims against the defendant which were not part of his complaint.  For

instance, the plaintiff asserts that "[u]nder color of law Merriwether is liable for [a] series of

retaliatory and harassing . . . acts over a two year period sufficient to state [a] continuing tort

violation and [an] intentional infliction of emotional distress claim under District of Columbia

law . . . ."  Pl.'s Opp'n. at 2.  In addition, the plaintiff asserts a violation of the Eighth

Amendment, claiming "monetary damages and injunctive relief" under 42 U.S.C. § 1983.  Id.  at

2.  Although the plaintiff reasserts a violation of Title II of the ADA by the defendant, he never

addresses in his opposition why the defendant's Rule 12(b)(6) motion should be denied.[7]  Pl.'s

---

[7] It does not appear that the plaintiff is attempting to amend his complaint with the new allegations.  His submission is titled as a motion for summary judgment, motion for judgment on the pleadings and for appropriate relief, or in the alternative motion for reconsideration and has been deemed by this Court as his opposition to the defendant's motion to dismiss, having been filed by the plaintiff in response to this Court's January 4, 2007 Fox/Neil order.  Against this backdrop, the Court does not construe the plaintiff's submission as an attempt to amend his complaint.  The Court reaches this conclusion given the plaintiff's familiarity with the judicial system, see footnote 1, supra, and the circumstances under which he made his filing following the filing of the defendant's dismissal motion.  Rather, it appears that Mr. Sindram is employing tactics to avoid addressing the defendant's grounds for dismissal.  Moreover, even if the Court could construe the submission as an attempt to amend the complaint, and even though a District Court should freely grant leave to amend a complaint "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc," Foman v. Davis, 371 U.S. 178, 182 (1962); see also  Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996), here, there is ample reason not to permit the amendment.  Not only would the defendant be prejudiced by having to expend additional resources to respond to the amendment, but permitting the amendment would afford the plaintiff a mechanism to avoid the August 11, 2004, prohibition in Civil Action No. 03-2110 which precludes him from filing additional lawsuits without leave of court, because as previously noted, the plaintiff is asserting totally unrelated claims in

(continued...)

Opp'n.

Courts in this Circuit have interpreted the Supreme Court's instruction in <u>Haines v.
Kerner</u>, 404 U.S. 519, 520 (1972), that the complaint of a <u>pro se</u> plaintiff be held to "less
stringent standards than formal pleadings drafted by lawyers," to equally apply to all filings
submitted by <u>pro se</u> litigants.  <u>See, e.g.</u> <u>Richardson v. United States</u> 193 F.3d 545, 548 (D.C. Cir.
1999) (holding that "[c]ourts must construe <u>pro se</u> filings liberally") (citing <u>Haines</u>, 404 U.S. at
520); <u>Voinche v. FBI</u>, 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives
<u>pro se</u> parties the benefit of the doubt and may ignore some technical shortcomings of their
filings" and applying the <u>Haines</u> rule to a plaintiff's summary judgment motion) (citing <u>Haines</u>,
404 U.S. at 520); <u>Calloway v. Brownlee</u>, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (Walton, J.)
(holding that the Court "must take pains to protect the rights of <u>pro se</u> parties against the
consequences of technical errors") (citing <u>Haines</u>, 404 U.S. at 520).  Despite this leniency, a <u>pro
se</u> plaintiff's complaint "must at least meet a minimal standard" of what pleadings must entail.
<u>Price v. Phoenix Home Life Ins. Co.</u>, 44 F. Supp. 2d 28, 31 (D.D.C.1999) (citing <u>Wilson v. Civil
Town of Clayton</u>, 839 F.2d 375, 378-79 (7th Cir.1988)).   Therefore, although <u>pro se</u> pleadings
are to be read liberally, a <u>pro se</u> litigant, like any other litigant, must comply with the Federal
Rules of Civil Procedure.  <u>See</u> <u>McCreary v. Heath</u> , No. 04-00623, 2005 WL 975736, at *1
(D.D.C.  April 22, 2005); <u>Jarrell v. Tisch</u>, 656 F.Supp. 237, 239 (D.D.C.1987).

Here, the plaintiff has failed to state a claim upon which relief may be granted for several
reasons.  Title II of the ADA does not permit lawsuits against individuals.  And, the plaintiff

---

[7](...continued)
this submission.  Accordingly, assuming the plaintiff is attempting to amend his complaint, such action
would not be permitted.

specifically requests that this Court find "Darl[i]ne Merriwether liable for all injuries,

damages, and violations suffered by him," as a result of the alleged violation of Title II of

the ADA.  Compl. at 3.  But, the ADA defines the term "public entity" as "any State or local

government" or "any department, agency, special purpose district, or other instrumentality of a

State or States or local government."  See 42 U.S.C. § 12131(1)(A)-(B).  Further, existing legal

authority has concluded that Title II of the ADA does not provide for individual capacity

suits.  See Williams v. McLemore, No. 05-2678, 2007 WL 1748146, at *6 (6th Cir. June 19,

2007) ("the ADA does not provide for personal liability for defendants sued in their

individual capacities."); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d

98, 107 (2d Cir. 2001) ("Insofar as Garcia is suing the individual defendants in their

individual capacities, neither Title II of the ADA nor § 504 of the Rehabilitation Act

provides for individual capacity suits . . ."); Alsbrook v. City of Maumelle, 184 F.3d 999,

1005 n.8 (8th Cir. 1999) (finding that commissioners may not be sued in their individual

capacities under Title II of the ADA because it affords disabled individuals redress for

discrimination by a "public entity" and that term, as it is defined within the statute, does not

include individuals.); Shebby v. Adams, No. 03-06487, 2007 WL 1302744, at *8 (E.D.Cal.

May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); Calloway

v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual

defendants cannot be held liable for violations of Title II of the ADA and § 504 of the

Rehabilitation Act); Montez v. Romer, 32 F. Supp. 2d 1235, 1240-41 (D.Colo. 1999)

(defendants in their individual capacities are not properly subject to suit under Title II of the

ADA.).  Thus, it is abundantly clear that Ms. Merriwether cannot be held liable in her

personal capacity under Title II of the ADA.  Accordingly, the plaintiff has failed to state an

ADA claim against Ms. Merriwether upon which relief may be granted.[8]

## IV.  Conclusion

For the reasons set forth above, the defendant's motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(6) must be **Granted.**  Accordingly, this action must be

dismissed.[9]

---

[8] To the extent the plaintiff alleges violations against Walter Reed Hospital, and assuming the hospital is a public entity, the Court finds, sua sponte, that the plaintiff  has also failed to state a claim upon which relief may be granted against the hospital for two reasons.  First, although the plaintiff alleges that he is disabled, he has not alleged any facts demonstrating that he was excluded from participating in or denied the benefits of the services, programs, or activities of Walter Reed because of his disability.  All the plaintiff does is make vague assertions of the need for accommodations without specifying what accommodations he needs, were requested, and were denied.  And, this is insufficient to allege an ADA violation.   Second, the plaintiff does not provide any details regarding the memorandum allegedly barring him from Walter Reed Hospital.  Instead, the plaintiff merely asserts that he was not given special treatment and that his requests for ADA reasonable accommodations, as evidenced by a letter dated September 3, 2003, were disregarded.  Compl. ¶4.   This is inadequate, and accordingly, this Court concludes that the plaintiff has not adequately asserted a failure to accommodate claim under Title II of the ADA against Walter Reed Hospital.

[9] Also pending before the Court are the plaintiff's (1) Motion of Reconsideration for Temporary Restraining Order and for Related Relief filed on August 4, 2006 (requesting reconsideration of July 31, 2006 order issued by Judge Gladys Kessler denying the plaintiff's motion for leave to file temporary restraining order); (2) Motion of Reconsideration for Temporary Restraining Order and for Related Relief filed on August 26, 2006 (also requesting reconsideration of July 31, 2006 order issued by Judge Gladys Kessler denying the plaintiff's motion for leave to file a temporary restraining order); (3) Motion of Reconsideration, Sanctions, and for Related Relief filed on January 26, 2007 (requesting that the Court (a) reconsider its denial of his requests for leave to file a temporary restraining order so that he can resume the medical care and therapy he was receiving at Walter Reed Hospital and (b) sanction defense counsel in the amount of $750.00); and (4) Motion for Judgment filed on March 2, 2007 (requesting that the Court (a) grant the plaintiff  judgment on the pleadings, (b) compel the defendant to provide discovery, and (c) order that sanctions be imposed against the defendant).  Since the Court is granting the defendant's Motion to Dismiss, all of these pending motions are **DENIED** as moot.  An order consistent with the Court's rulings in this Memorandum Opinion has been issued contemporaneously with this opinion.

**SO ORDERED.**

/s/_____
Reggie B. Walton
United States District Judge