IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL SINDRAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 06-1348 (RBW) |
| DARLINE MERRIWETHER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

### DEFENDANT'S RESPONSE TO PLAINTIFF'S LEAVE TO FILE AMENDED VERIFIED COMPLAINT AND FOR RELATED RELIEF

Defendant, Darline Merriwether, through counsel, submits the following Response to pro se Plaintiff Michael Sindram's Leave to Amend Verified Complaint and for Related Relief, and states as follows:

### BACKGROUND

On July 31, 2006, the Plaintiff Michael Sindram, proceeding pro se, filed an action against Merriwether, alleging violations under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131 (1) (2000). Merriwether moved to dismiss the complaint because, as an individual, she cannot be sued for an alleged violation of Title II of the ADA. This Court granted the Motion on September 12, 2007. Sindram v. Merriwether, _____ F. Supp. 2d _____, No. 06-1348, 2007 WL 2660258, at *3 (D.D.C. Sept. 12, 2007).

On October 5, 2007, more than three weeks after the Court dismissed his complaint, Sindram filed a Leave to Amend Verified Complaint and for Related Relief ("Leave

to Amend"). Sindram now alleges violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the District of Columbia Human Rights Act of 1977, D.C. Code §§ 2-1401.1 et seq. ("DCHRA").[1]

Sindram has not attempted to file a new complaint, but seeks to amend an action already dismissed by the Court. But the case is no longer pending and the Motion is moot.[2] Powell v. McCormack, 395 U.S. 486, 496 (1969) ("a case is moot when the issues presented are no longer 'live'. . . ."). See also, Istafan v. Willoughby of Chevy Chase Condo. Council of Unit Owners, No. 92-1840, 1993 WL 375771, at *1 (4th Cir. Sept. 24, 1993) (motion to amend denied as moot where case had been dismissed) (attached as "A"). Even if the Court were to grant Sindram's Leave to Amend, however, his current allegations are without merit, and the claims Sindram seeks to bring would not survive a Motion to Dismiss. If a claim is "obviously without merit" and unquestionably subject to a Motion to Dismiss, the Court need not permit the litigant to amend. See, e.g., D.C. Podiatry Soc'y v. D.C., 407 F. Supp. 1259, 1269 (D.D.C. 1975).

## ARGUMENT

### A.   The Section 1981 Claim.

To state a claim under Section 1981, the Plaintiff must allege a racially motivated breech of an actual or proposed contractual relationship. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 479-80 (2006). In his Leave to Amend, Sindram fails to allege any action by Merriwether towards him that was allegedly racially motivated. He likewise fails to cite any interference by Merriwether in an actual or proposed contractual relationship. In fact, Sindram

---

[1] Also pending before the Court is Plaintiff's Writ of Coram Nobis And For Related Relief, which he filed on September 28, 2007.

[2] This Court, in granting Merriwether's Motion to Dismiss, denied Sindram's numerous other pending motions as moot. See, Merriwether, 2007 WL 2660258, at *3 n.9.

- 2 -

makes no factual allegations whatsoever to support a claim under Section 1981. His Leave to Amend is instead a rant on Merriwether's alleged disruption of his visits to Walter Reed. Sindram knows better than to make such allegations, as he has already been advised by another court that "allegations of race-based discrimination [that] are vague and conclusory in nature [are] insufficient to state a claim under § 1981." See, Sindram v. Saunders, No. CIV A TBA, 2006 WL 4393078, at *3 n.5 (D. Md. Mar. 3, 2006) (attached as "B"). Here, Sindram's allegations are less than vague and conclusory; he makes no cognizable Section 1981 claim at all.

### B.  The Section 1983 Claim.

To state a claim under Section 1983, Sindram must cite an action under color of law by a State, Territory, or the District of Columbia that caused him to suffer the deprivation of a constitutionally protected right. Carter v. D.C., 795 F.2d 116, 122 (D.C. Cir. 1986). Here, Sindram admits that Merriwether is a "civilian clerk-typist" at Walter Reed Hospital, a federal facility. Thus, Sindram's allegation fails for two reasons. First, Merriwether works for a private company that provides services to the federal government. She does not work for an entity under the control of a State, Territory, or the District of Columbia, and she may not be sued under Section 1983. Second, even if Merriwether worked for Walter Reed, the federal government cannot be sued under Section 1983. Wheeldin v. Wheeler, 373 U.S. 647, 650 n.2 (1963). See also, Greenya v. George Washington Univ., 512 F.2d 556, 562 (D.C. Cir. 1975). Again, Sindram knows better. A previous lawsuit he filed under Section 1983 was dismissed by another court as frivolous. See, Sindram v. Sweeney, Nos. 90-2663-64, 1990 WL 74260, at *1 (4th Cir. 1990), cert. denied, 498 U.S. 903 (1990) (attached as "C").

C.     **The Claim under the DCHRA.**

Sindram claims that Merriwether violated the DCHRA. Once again, he makes no statement as to how Merriwether supposedly violated the DCHRA and provides no facts to support his claim. Even if Sindram could state allegations to support his claim, however, it would be dismissed as untimely.

D.C. Code Section 2-1403.16 states: "A private cause of action pursuant to [the DCHRA] shall be filed in a court of competent jurisdiction *within one year of the unlawful discriminatory act*, . . . ." (Emphasis added). In his Leave to Amend, Sindram cites an "incident" Merriwether allegedly staged on January 25, 2006. He also states that Merriwether was entrusted with his Bible on December 19, 2005. These two dates are the only dates cited in the Leave to Amend, and both dates are well over one year ago, rendering Sindram's claim untimely under the DCHRA. See, Boulton v. Inst. of Int'l Educ., 808 A.2d 499, 503 (2002).

## CONCLUSION

This Court has already noted that Sindram has filed "a number of duplicative or frivolous actions in this Court and other courts." Merriwether, WL 2660258, at *2 n.1. Sindram's Leave to Amend constitutes yet another abuse of judicial process. For the reasons stated above, Plaintiff's Leave to File Amended Verified Complaint and for Related Relief should be denied. Sindram's bad behavior should not be permitted to continue. Contemporaneously with the filing of this Response, Defendant Merriwether is filing a Motion for Attorneys' Fees under the Bad Faith Exception to the American Rule against Sindram.

Respectfully submitted,


____-s- Darrell R. VanDeusen_____
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland  21093
(410) 727-4300

Attorney for Defendant Darline Merriwether


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2007, a copy of the foregoing Defendant's Response to Plaintiff's Leave to File Amended Verified Complaint and for Related Relief was mailed, first class, postage prepaid, to Mr. Michael Sindram, 6817 Georgia Ave. NW, #204, Washington, DC  20012, Plaintiff pro se.


____-s- Darrell R. VanDeusen_____
Darrell R. VanDeusen