7 F.3d 224 (Table), 1993 WL 375771 (C.A.4 (Md.)), 27 Fed.R.Serv.3d 286
**Unpublished Disposition**
Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals,
Fourth Circuit.
Geza ISTVAN, d/b/a Vision Opticians, *Plaintiff-Appellant,*
v.
THE WILLOUGHBY OF CHEVY CHASE CONDOMINIUM COUNCIL OF UNIT OWNERS, INCORPORATED;
Steven J. Saks; Nancy Mellon; Estate of Teresa Pampillonia, *Defendants-Appellees,*
and
Joshua RAFNER; Board of Directors of the Willoughby of Chevy Chase Condominium; Estate of Robert W. Wening, Jr., a/k/a Robert W. Wening, *Defendants.*
No. 92-1940.
Submitted: March 17, 1993.
Decided: September 24, 1993.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-3351-JFM)
C. Victor Mbakpuo, Mbakpuo, Ekeanyanwu, Anyaibe & Agiliga, Washington, D.C., for Appellant.

Jeffrey R. Schmieler, Elizabeth A. Zwibel, Saunders & Schmieler, Silver Spring, Maryland; Robert C. Morgan, Angus R. Everton, Diane S. Deros, Mason, Ketterman & Morgan, Baltimore, Maryland, for Appellees.

D.Md.
AFFIRMED.

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

PER CURIAM:

OPINION

*\*1* Geza Istvan appeals the district court's order denying him leave to **amend** his **amended** complaint. Because the **case** was no **longer pending** in the district court at the time Istvan moved for leave to **amend**, we affirm.

Istvan sued the Appellees in the district court for alleged wrongs relating to a commercial lease in Maryland. The Appellees moved to dismiss the complaint for lack of subject matter jurisdiction. The court granted the **motion**, but gave Istvan leave to **amend**. The **amended** complaint did not address the jurisdictional issues requested by the court. On the Appellees' **motion**, the court dismissed the **amended** complaint.

Istvan moved for reconsideration of the dismissal. [FN1] After the judge denied the **motion** for reconsideration, Istvan moved to alter or **amend** the judgment pursuant to Fed. R. Civ. P. 59(e). Later Istvan also moved to **amend** his first **amended** complaint. The court then entered an order denying the **motion** to **amend** Istvan's first **amended** complaint because the **case** had been dismissed two months earlier and, because the **case** was no **longer** active, the **motion** to **amend**

EXHIBIT A

was **moot**. The court did not mention the second Rule 59 **motion**, which was never decided. Istvan wrote the judge a letter requesting that the judge enter a new order of dismissal because he was under the impression that the **case** was still active and an appeal at that time would be interlocutory. The judge refused, stating that the **case** had been dismissed and the appeal period was running. Istvan appeals. FN2

Istvan contends that his **motion** to **amend** should have been granted because the **case** was still **pending** before the court. While **motions** to **amend** are to be liberally granted under Fed. R. Civ. P. 15(a), the judge did not abuse his discretion in this **case**. The **case** was no **longer pending**. The judge had dismissed it four months before the **motion** to **amend** was filed. Istvan had filed a Rule 59 **motion** but it was denied two months earlier. Istvan filed a second Rule 59 **motion** which, because it was not served within ten days of the order dismissing the **case**, was untimely. In light of the fact that the **case** had been dismissed and the appeal period was running, the district judge did not abuse his discretion in denying leave to **amend**.

We hold that the district court did not abuse its discretion in denying Istvan's **motion** to **amend** his first **amended** complaint and, accordingly, affirm the district court's order. We deny Istvan's **motion** to strike Appellees' first argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*

> FN1. Istvan styled this **motion** as one pursuant to Fed. R. Civ. P. 60. However, because the **motion** called into question the correctness of the judgment and was served within ten days of the entry of the judgment, it is construed as a **motion** pursuant to Fed. R. Civ. P. 59(e). *Dove v. CODESCO,* 569 F.2d 807, 809 (4th Cir. 1978).
>
> FN2. Istvan's notice of appeal states that he appeals the court's order denying subject matter jurisdiction and the order denying his **motion** to **amend** his **amended** complaint. The notice of appeal is untimely as to the order denying subject matter jurisdiction because it was not made within thirty days of the court's denial of Istvan's first Rule 59 **motion**. *See EEOC v. Central Motor Lines, Inc.,* 537 F.2d 1162, 1165 (4th Cir. 1976) (successive Rule 59 **motions** do not toll the period allowed for filing a notice of appeal); Fed. R. App. P. 4(a)(4). The notice of appeal is timely, however, as to the order denying Istvan's **motion** to **amend** the first **amended** complaint. Only that order will be reviewed.

C.A.4,1993.
Istvan v. Willoughby of Chevy Chase Condominium Council of Unit Owners, Inc.
7 F.3d 224 (Table), 1993 WL 375771 (C.A.4 (Md.)), 27 Fed.R.Serv.3d 286
Unpublished Disposition

Briefs and Other Related Documents (Back to top)

• 1992 WL 12126772 (Appellate Brief) Appellant's Reply (Dec. 15, 1992) Original Image of this Document (PDF)
• 1992 WL 12126771 (Appellate Brief) Appellees' Brief (Nov. 16, 1992) Original Image of this Document with Appendix (PDF)
• 1992 WL 12126773 (Appellate Brief) Brief of Appellant (Oct. 19, 1992) Original Image of this Document (PDF)
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. US Gov. Works.