IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL SINDRAM, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 06-1348 (RBW) |
| DARLINE MERRIWETHER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Defendant, Darline Merriwether, through counsel, submits the following Motion for Attorneys' Fees against Plaintiff Michael Sindram under the Bad Faith Exception to the American Rule. Sindram's Motion for Leave to Amend Verified Complaint and for Related Relief is frivolous and was filed in bad faith. He should be required to pay Defendant Merriwether's attorneys' fees incurred in having to respond to the Motion.

### BACKGROUND

A.   **Summary of the Proceedings.**

On July 31, 2006, serial litigant, Michael Sindram, proceeding pro se, filed an action against Merriwether, alleging violations under Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131 (1) (2000). Merriwether moved to dismiss the complaint because, as an individual, Merriwether cannot be sued for an alleged violation of Title II of the ADA. This Court granted the Motion on September 12, 2007. Sindram v. Merriwether, ___ F. Supp.2d ___, No. 06-1348, 2007 WL 2660258, at *3 (D.D.C. Sept. 12, 2007).

On October 5, 2007, more than three weeks after the Court dismissed his complaint, Sindram filed a Leave to Amend Verified Complaint and for Related Relief ("Leave to Amend").[1] Sindram now alleges violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the District of Columbia Human Rights Act of 1977, D.C. Code §§ 2-1401.1 et seq. ("DCHRA"). Merriwether has responded to this Leave to Amend, demonstrating that it is both moot and frivolous. Sindram's continued prosecution of his case is conducted in bad faith. Merriwether seeks the attorneys' fees incurred in preparing the Response to Sindram's Leave to Amend. See, VanDeusen Aff. ¶ 4 (attached as "A").

### B. Factors Justifying an Award of Attorneys' Costs and Fees.

As this Court has noted, Sindram is a "serial litigant" who has filed "numerous duplicative or frivolous actions in this Court and other courts." Merriwether, 2007 WL 2660258, at *3 n.1. This Court has also reminded Sindram that his "spurious" lawsuits have subjected him to possible sanctions and has ordered him to pay attorneys' fees and costs. Sindram v. Circuit City, No. 92-2138, 1992 WL 391359, at *3 (D.D.C. Dec. 14, 1992) (attached as "B"). Another court dismissed one of his complaints "as legally frivolous and filed in bad faith . . . for the purpose of harassing the named defendants." Sindram v. Wallin, No. S 90-800, 1990 WL 96093, at *1 (D. Md. Mar. 16, 1990) (emphasis added) (attached as "C").

There is no record that Sindram has ever prevailed in any one of the numerous lawsuits that he has filed. Yet he continues to file nearly identical claims against innocent

---

[1] Merriwether has filed a Response to Sindram's Leave to Amend at the same time she filed this Motion. The Response rebuts Sindram's new claims of violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the District of Columbia Human Rights Act of 1977, D.C. Code §§ 2-1401.01 et seq.

individuals who must then defend themselves against these frivolous claims. Merriwether is the latest victim of Sindram's harassment. The courts are beleaguered by Sindram's abuse of judicial process.[2] For this reason, Merriwether requests that the court award her the legal fees incurred in the filing of her Response to the Leave to Amend as a deterrent against future litigation by Sindram.

### C.   Description of Work Performed by Defendant's Attorneys.

Exhibit A is the Affidavit of Darrell R. VanDeusen, a shareholder in the law firm of Kollman & Saucier, P.A., engaged to represent the Defendant in this case. The billing report generated by Kollman & Saucier and attached to Exhibit A describes in detail, to the tenth of an hour, the work performed by attorneys in preparing the Response to Sindram's Leave to Amend.

The $4,625.00 represents the amount sought in attorneys' fees in preparing the Response. To require Sindram to assume this share of the expenses incurred in responding to his Leave to Amend is both reasonable and fair.

### ARGUMENT

The Defendant is entitled to attorneys' fees under the bad faith exception to the American Rule when the litigation was instituted and/or maintained in bad faith. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975). In determining whether bad faith exists, the Court may look at the non-prevailing party's motivation in bringing or

---

[2] See, e.g., Circuit City, 1992 WL 391359 at *1 ("This action is the latest in a series of frivolous actions filed by [Sindram]."). See also, In Re Michael Sindram, 498 U.S. 177, (1991); Sindram v. Saunders, No. Civ A TBA, 2006 WL 4393078, at *1 (D. Md. Mar. 3, 2006) ("Clerk of the Court not to accept future actions brought by Sindram unless a judge or magistrate . . . certifies that the complaint. . .[is] filed in good faith and not for any improper purpose, and that the action has a colorable basis in law and fact."); Sindram v. Sweeney, Nos. 90-2663-64, 1990 WL 74260 (4th Cir. 1990), cert. denied, 498 U.S. 903 (1990).

maintaining the lawsuit. Id. If the Court determines that this suit was brought and/or maintained in bad faith, the Court may award attorneys' fees and costs to the prevailing party as an exception to the American Rule. Christianburg Garment Co. v. EEOC, 434 U.S. 412, 419 (1978).

Other courts have held that Sindram's cases are filed in bad faith. See, e.g., Wallin, 1990 WL 96093, at *1. Sindram also has a history of filing claims in bad faith in this Court. In fact, this Court sanctioned Sindram under Federal Rule 11 for filing a lawsuit against judicial officers acting in their official capacity, because Sindram had filed similar claims against judges in the past, which had all been dismissed. See Sindram v. Circuit City, No. 92-2138, 1992 WL 391359, at *3 (D.D.C. Dec. 14, 1992); see also, Wallin, 1990 WL 96093, at *3 (action was "clearly filed in bad faith and for the purpose of harassing [various state and federal officials]."). It cannot be credibly disputed that Sindram knows what he is doing and is intentionally filing frivolous lawsuits.

In Circuit City, this Court granted summary judgment for the defendants in their counterclaim against Sindram for abuse of process and malicious prosecution. Id. at *2. Of Sindram's lawsuit, the Court stated: "The present action is clearly vexatious. It only seeks to intimidate or harass the named defendants. Clearly the filing of such a complaint constitutes a gross misuse of the scales of justice." Id. The District of Columbia Circuit has also enjoined Sindram from filing any new cases without first obtaining leave of court. Sindram v. Johnson, No. 91-7110, 1993 WL 135959, at *1 (D.C. Cir. Apr. 20, 1993) (attached as "D"). To file an appeal, Sindram must first certify that "his claims are not frivolous or taken in bad faith." Id. In short, Sindram has filed nothing but vexatious cases, and they all have been filed for the purpose

of harassing defendants whom Sindram believes have offended him, somehow. This case is no different.

Sindram initiated this lawsuit in bad faith. His claims under the ADA were meritless, and the case was dismissed. Rather than accept the Court's decision, Sindram filed a Leave to Amend alleging three new claims, none of which has merit. The Defendant has therefore been forced to expend additional legal fees in filing her Response. For these reasons, the Court should require that Sindram bear the cost of his baseless action.

## CONCLUSION

Plaintiff's actions warrant sanctions in order to deter him from filing and maintaining such vexatious and frivolous lawsuits in the future. Defendant requests that this court order that attorneys' fees in the amount of $4,625.00 be paid by Plaintiff Michael Sindram to Defendant Darline Merriwether.

Respectfully submitted,

\_\_\_-s- Darrell R. VanDeusen_____
Darrell R. VanDeusen
Bar No. MD 08231
Kollman & Saucier, P.A.
The Business Law Building
1823 York Road
Timonium, Maryland 21093
(410) 727-4300

Attorney for Defendant Darline Merriwether

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2007, a copy of the foregoing Defendant's Motion for Attorneys' Fees was mailed, first class, postage prepaid, to Mr. Michael Sindram, 6817 Georgia Ave. NW, #204, Washington, DC 20012, Plaintiff pro se.

                                              -s- Darrell R. VanDeusen
                                              Darrell R. VanDeusen