Not Reported in F.Supp., 1992 WL 391359 (D.D.C.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Michael SINDRAM, Plaintiff,
v.
CIRCUIT CITY et al, Defendants.
Civ. A. No. 92-2138.
Dec. 14, 1992.

*MEMORANDUM OPINION AND ORDER*

SPORKIN, District Judge.
**\*1** The present action comes before the Court on the motion of defendants Judge Cheryl M. Long, Judge Rufus G. King, John W. King and Jerry S. Byrd to dismiss the instant complaint. A separate motion to dismiss has been filed by Judge Gerard F. Devlin. Additionally, defendants George B. Driesen and Circuit City Stores Inc. have answered the complaint. What is more they have asserted a counterclaim against the plaintiff for abuse of process and malicious prosecution, and move for summary judgement under Rule 56 of the Federal Rules of Civil Procedure. The counterclaim prays for compensatory damages in the amount of $15,000.00, punitive damages in the amount of $1,000.00, and attorney fees.

This action was filed by the Plaintiff *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint alleges that the defendants maliciously abused process and obstructed justice. Additionally, Mr. Sindram alleges that the defendants assaulted him, defamed, slandered him, and violated his civil rights.[FN1] All of these allegations have been appended to a vague constitutional argument, as a means of gaining Federal jurisdiction.

This action is the latest in a series of frivolous actions filed by the plaintiff. The instant action is no more than Mr. Sindram's attempt to relitigate a case that had been decided by the Superior Court for the District of Columbia. Mr. Sindram attempts to circumvent the doctrine of res judicata by adding additional defendants. In the action Plaintiff has named as defendants certain individuals involved in the Superior Court litigation.[FN2] Cheryl M. Long and Rufus G. King are being sued in their capacity as Judges for the Superior Court. John W. King and Jerry S. Byrd are being sued in their capacity as Commissioners for that Court. George Driesen served as counsel for **Circuit City** in that matter. Gerard F. Devlin is being sued in his capacity as a Judge of the District Court of Maryland for Prince George's County.

The named defendant, **Circuit City** Stores, Inc., was sued by Mr. **Sindram** in the Superior Court for the District of Columbia, see Michael **Sindram** v. **Circuit City**, Inc., Small Claims No. 285880-88 (D.C.Sup.Ct.1988). It is the outcome of that case which seems to be the basis for the present action. It is Mr. **Sindram's** view that his loss in the small claims branch of Superior Court was the result of some sort of conspiracy between **Circuit City**, its counsel, and officers of the court.

Court officers, acting within the scope of their official duties, are immune from prosecution even if the decision rendered was erroneous, malicious, or an egregious error. See, Stump v. Sparkman, 435 U.S. 349, 355-357 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1976). As the allegations against the Commissioners and Judges of the Superior Court, and a Judge from Prince Georges County, Maryland, relate solely to their conduct in the course of a judicial proceedings, the instant complaint fails because of the concept of judicial immunity. Accordingly, defendants Long, King, King, Byrd and Devlin's motions to dismiss the complaint are granted.

EXHIBIT B

**\*2** This Court has no power to review a decision of the Superior Court for the District of Columbia. The District of Columbia Court Reform and Reorganization Act of 1970 § 11-721 states that the power to review an order or decision of the Superior Court rests exclusively with the District of Columbia Court of Appeals. Thus, this Court is without jurisdiction to review a decision of the Superior Court for the District of Columbia. Moreover the doctrine of collateral estoppel prevents this Court from considering any claim which has been previously asserted in another court against parties common to both lawsuits.

Defendants George Driesen, Esq. and Circuit City Stores, Inc. have counterclaimed against the plaintiff asserting abuse of process and malicious prosecution claims. Review of the record in this case reveals that Mr. Sindram bought an action in the Small Claims Branch of the Superior Court for the District of Columbia, in 1988. That action was dismissed and subsequently Mr. Sindram sued Circuit City's counsel, Mr. George Driesen. The Superior Court dismissed that action on estoppel grounds. The plaintiff, continuing his legal attack bought suit against defendants Circuit City and Driesen, in the Circuit Court for Prince Georges County, Maryland, again asserting the same claims. That action similarly was dismissed on the basis of res judicata. The Prince Georges' Court awarded costs and attorneys' fees to the defendants.

It is clear from a review of the record of this case that Circuit City Stores, Inc. and George Driesen Esq. have been harassed by Mr. Sindram's abuse of Judicial Process. Each claim filed subsequent to the original dismissal of his case by the Superior Court of the District of Columbia has been filed solely to harass the original defendants. Filing of this action clearly fits the definition of abuse of process. The essential elements of the tort of abuse of process are stated to be: first, an ulterior purpose, second, a willful action in the use of the process not proper in the regular conduct of the proceeding, lastly, some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process. [FN3] The present action is clearly vexatious. It only seeks to intimidate or harass the named defendants. Clearly the filing of such a complaint constitutes a gross misuse of the scales of justice. Accordingly, defendants **Circuit City** Stores, Inc., and George Driesen, Esq. motion for summary judgement is granted as to their abuse of process counterclaim.

Review of this matter, including all appended exhibits, and court records, show that Mr. **Sindram** fits the profile of a serial litigant. Mr. **Sindram's** actions were filed solely as a means to harass and intimidate defendants. This abuse has been extensively documented in an opinion by Judge John H. Suda of the Superior Court of the District of Columbia. Judge Suda issued an opinion which forbade Mr. Sindram from filing any more actions in *forma pauperis,* and fined him $3000.00. Subsequent to Judge Suda's decision Mr. Sindram began instituting law suits against every jurist who presided over an action that was not decided in his favor. The first such action was filed in this Court against Superior Court Judge John Suda. That action was summarily dismissed by United States District Court Judge Louis Oberdorfer on June 24, 1992. Mr. Sindram then sued Judge Oberdorfer in the District Court of Maryland for Montgomery County (Civil Action No. 0602001744692). That action was also dismissed.

**\*3** Mr. Sindram's pattern of filing spurious claims clearly has been demonstrated. The plaintiff has been put on notice by other Courts that filing of an action without merit is a violation of Rule 11 of the Federal Rules of Civil Procedure.[FN4] In pertinent part Rule 11 states:

[t]he signature of an attorney or *party* constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The instant action was filed by Mr. **Sindram** with the knowledge that judicial officers are immune from prosecution when acting in their official capacity. This Court believes that Mr. **Sindram's** filing of the instant action is a violation of Rule 11. As a result of Mr. **Sindram's** Rule 11 violation and the

Court's finding in favor of defendant's **Circuit City** Stores, Inc. and George Driesen, Esq., with respect to their abuse of process counterclaim, this Court will sanction the Plaintiff, Michael **Sindram**, in the following manor. First, in light of the serious nature of Mr. **Sindram's** abuse of process this Court hereby enjoins the Plaintiff, Michael **Sindram**, from filing any future actions in the United States District Court for the District of Columbia, *in forma pauperis* without leave of this Court. Second, Mr. **Sindram** is ordered to pay all attorneys' fees and costs associated with the filing of this action, including the expenses and attorneys' fees incurred by the defendants who have not filed a counterclaim to Plaintiff's spurious action.

The Clerk of this Court shall be informed of this Court's decision. An order accompanying this opinion follows.

*ORDER*

After review of the motions of Cheryl M. Long, Rufus G. King, John W. King, Jerry S. Byrd and Gerard F. Devlin to dismiss the complaint, review of Circuit City Stores Inc., and George Driesen summary judgement motion, and review of appended exhibits and pertinent court records, it is hereby ORDERED that the complaint as to all defendants shall be dismissed in accordance with the accompanying memorandum; and

It is FURTHER ORDERED that Mr. Sindram shall pay all attorneys' fees and costs incurred by the defendants in defense of this action; and

It is FURTHER ORDERED that the Plaintiff, Michael Sindram be enjoined from filing further actions in the United States District Court for the District of Columbia *in Forma Pauperis* without leave of this Court.

> FN1. The complaint contains no factual allegations to support any of Mr. Sindram's claims. The allegations are apparently solely based on the *Pro se* litigant's knowledge of legal terminology. For a claim to be properly placed before a trial court, all colorable legal claims must be supported by fact.
>
> FN2. Judge Cheryl Long and Judge Rufus King's motion states that neither presided *in any aspect* in Mr. **Sindram's** previous lawsuit against **Circuit City**. [Small Claims Case No. SC-28580-88]
>
> FN3. *Prosser and Keaton on Torts*; Fifth ed. p. 898
>
> FN4. Mr. **Sindram** was put on notice as to possible sanctions by the opinion issued by Judge John Suda of the Superior Court for the District of Columbia.

D.D.C.,1992.
**Sindram** v. **Circuit City**
Not Reported in F.Supp., 1992 WL 391359 (D.D.C.)

Motions, Pleadings and Filings (Back to top)

• 1:92cv02138 (Docket) (Sep. 21, 1992)
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.