UNITED STATES DISTRICT COURT FOR DISTRICT OF COLUMBIA

MICHAEL SINDRAM,
        Disabled Veteran/Plaintiff,

v.                                         Civil Action No.06-1348(RBW)

DARLINE MERRIWETHER,
        Defendant.

\*                 \*                 \*                 \*

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S LEAVE TO FILE AMENDED VERIFIED COMPLAINT AND FOR RELATED RELIEF; PLAINTIFFS'S RESPONSE TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES; MOTION FOR SANCTIONS

      DISABLED VETERAN/PLAINTIFF, Michael Sindram, *pro-se*, in Plaintiff's Response To Defendant's Opposition To Plaintiff's Leave To File Amended Verified Complaint And For Related Relief; Plaintiff's Response To Defendant's Motion For Attorneys' Fees; Motion For Sanctions, states the following:

### BACKGROUND

      Plaintiff, a Disabled Veteran who has served our country more than most, was an outpatient undergoing continual follow-up from January 2000 up to and including January 2006 at Walter Reed Army Medical Center (WRAMC) Orthopaedic Clinic for service-connected injuries: Right Knee Chondromalacia with torn Medial Meniscus/Collateral Ligament and various other Orthopaedic conditions. Due to Disabled Veteran's medical necessity for use of several machines in continuum of treatment to recover in conjunction with then current therapy Plaintiff was improvidently required to obtain permission from Defendant Darline Merriwether (Merriwether) to use recreation, gymnasium, and weight room facilities at WRAMC. (Exhibit 1)

      While Merriwether is secretary for WRAMC garrison commander, it is her actions, modus operandi, and policy that carries the day at WRAMC. At all times hereto Merriwether exceeded her jurisdiction and abused her discretion to achieve an end unintended by law and in fact having had that intended effect to retain Plaintiff's family heirloom keepsake legal-sized camouflage Bible and deny Disabled Veteran medical care at WRAMC. Merriwether has caused Disabled Veteran to incur medical costs in excess of Seventy-Five Thousand Dollars ($75,000.00+) that would have been absorbed by WRAMC had it not been for Merriwether's arbitrary and capricious retaliation against Plaintiff which is gravamen of this weighty meritorious cause of action herein. Merriwether's racially-motivated hate crime and discrimination against Plaintiff is also cognizable under D.C. Human Rights Act of 1977. Essentially Merriwether calls the shots in garrison command that reverberates throughout WRAMC. This Court will take judicial notice of well-publicized ill-treatment of Veterans and military personnel at WRAMC (Merriwether is non-military). Widespread corruption,

*Plaintiff stopped by — Is this the same document sent to chambers on 10-19-07 to gr. or deny lv. to file?? ML 5/29*

graft, maleficence, and numerous substantiated violations of law at WRAMC courtesy of garrison command (Merriwether) now has attention of government beckoning judicial intervention and review to achieve accountability, transparency, and rule of law as a matter of, and in the interest of, public policy. Jurisdiction of this Court is invoked, in part, by **United States Constitution Amendments 5 and 14**: *"No state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction equal protection of laws."*

On or about December 19, 2005 Disabled Veteran was given permission by Merriwether in return for which Plaintiff was required to loan Merriwether his family heirloom keepsake legal-sized camouflage Bible. When Plaintiff made request for return of his family heirloom keepsake legal-sized camouflage Bible Merriwether orchestrated and staged an "incident" on or about January 27, 2006 to summarily expel Disabled Veteran from WRAMC and permanently bar Plaintiff from ever returning to WRAMC. Plaintiff has yet to receive his family heirloom keepsake legal-sized camouflage Bible from Merriwether. As a direct and proximate result of Merriwether's wanton and willful rancorous malicious misconduct and total disregard of Disabled Veteran's medical needs Plaintiff is no longer treated at WRAMC or permitted on post. Plaintiff seeks redress against Merriwether for having been raped of his constitutionally-guaranteed civil rights.

Plaintiff immediately sought judicial review of Merriwether's arbitrary and capricious unconstitutional acts under colour of law. On July 19, 2006 Judge Gladys Kessler entered Order as follows: "Upon consideration of what is treated as Plaintiff's Motion For Reconsideration of Order of July 5, 2006, denying leave to file, Court finds that Plaintiff has now complied with conditions of barring order by certifying that Complaint raises new matters. ORDERED that Motion For Leave to file a Verified Complaint is GRANTED; FURTHER ORDERED that Motion To Proceed *In Forma Pauperis* is GRANTED; it is FURTHER ORDERED that Motion For A Temporary Restraining Order is DENIED because it presents no basis for granting such extraordinary relief before defendant may be heard on the Complaint." **Federal Rule Civil Procedure 65 (b)**: *"A temporary restraining order may be granted without written or oral notice to adverse party or that party's attorney..."* System of justice Disabled Veteran so valiantly fought to protect and preserve is very same system fettering Plaintiff's access to justice!?! Animus of this Court is telling!

On August 3, 2006 Plaintiff filed Motion To Bifurcate Case; Reconsideration Of Motion For Temporary Restraining Order And For Related Relief that remains pending and unacted upon.

On August 21, 2006 Special Assistant U.S. Attorney Kevin K. Robitaille (Robitaille) entered his appearance as counsel of record for Merriwether. On August 26, 2006 Plaintiff filed Reconsideration Of Motion For Temporary Restraining Order And For Related Relief that remains pending and unacted upon. Plaintiff made phone contact and wrote Robitaille on September 8, 2006 to resolve the Complaint but was ignored. On September 15, 2006 Plaintiff filed Supplemental Reconsideration Of Motion For Temporary Restraining Order And For Related Relief that remains pending and unacted upon.

2

On October 11, 2006 Darrell R. VanDeusen (VanDeusen) entered his appearance as counsel of record for Merriwether and filed motion to dismiss. At no time did Robitaille withdraw as counsel of record for Merriwether nor does Robitaille seek attorney's fees. On October 31, 2006 Plaintiff filed Motion For Appointment Of Counsel And For Extension Of Time that remains pending and unacted upon. On December 29, 2006 Plaintiff filed Motion For Summary Judgment; In Alternative, Motion For Judgment On Pleadings And For Appropriate Relief; In Further Alternative, Writ Of Coram Nobis that remains pending and unacted upon. On January 26, 2007 Plaintiff filed Certificate Regarding Discovery. On March 2, 2007 Plaintiff filed Motion For Judgment On Pleadings, To Compel Discovery And For Sanctions, And For Related Relief that remains pending and unacted upon. On March 23, 2007 Plaintiff filed Supplemental Motion For Judgment On Pleadings, To Compel Discovery And For Sanctions, And For Related Relief that remains pending and unacted upon.

Court Order of November 29, 2006 required Plaintiff to respond to defendant's motion to dismiss no later than December 29, 2006. On January 4, 2007 the Court improvidently dismissed Plaintiff's Complaint for failure to prosecute. On January 9, 2007 Plaintiff filed Motion To Strike Dismissal. Court Order of January 30, 2007 reinstated Plaintiff's Complaint with footnote 1: "Plaintiff also alleges that defendant 'confiscated Plaintiff's family heirloom keepsake legal-sized camouflage Bible' and has refused to return it to him. Compl. ¶ 7." Up to and including present, Merriwether has made no response to "Plaintiff's family heirloom keepsake legal-sized camouflage Bible" so that relief sought to be treated as conceded and should now be granted.

On September 12, 2007 Court dismissed Plaintiff's Complaint. On September 28, 2007 Plaintiff filed Writ Of Coram Nobis And For Related Relief that remains pending and unacted upon. Up to, and including present, Merriwether has made no response to Writ Of Coram Nobis And For Related Relief so that relief sought to be treated as conceded and should now be granted.

On October 5, 2007 Plaintiff filed Leave To File Amended Verified Complaint And For Related Relief in accordance with **Federal Rule Civil Procedure 15** *(Amended and Supplemental Pleadings)* to which VanDeusen now files disingenuous opposition and request for inflated attorney fees clearly rebutted by well-settled American Rule (which ordinarily does not allow attorney's fees to prevailing party) more fully discussed below. Plaintiff's pleadings enumerated above are adopted and incorporated herein by reference. VanDeusen's outrageous "billing" seeks compensation for one "Meg Gallucci" but nowhere do we read about "Meg Gallucci" nor is there any Affidavit from one "Meg Gallucci." VanDeusen's veiled attempt is to put a chilling effect on Disabled Veteran's pursuit of his family heirloom keepsake legal-sized Bible and medical care at WRAMC and damages for deprivation of civil rights cognizable under 42 U.S.C. § 1983, *et seq.*[1]

---

[1] That section provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of United States or other person within jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to party injured in an action at law, suit in equity, or other proper proceeding for redress. For purposes of this section, any Act of Congress applicable exclusively to District of Columbia shall be considered to be a statute of District of Columbia. This section

## ARGUMENT

VanDeusen cites **_Wheeldin v. Wheeler_**, 373 U.S. 647 (1963) but fails to correctly state Court of Appeals described instant action as one claiming malicious abuse of process. But, as usually defined, that tort "is committed when actor [Merriwether] employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end..." 1 Harper and James, Torts (1956), § 4.9; see 3 Restatement of Torts § 682; Prosser, Torts (2d ed. 1955), § 100. Put succinctly, tort is "perversion" of legal process. **_Mayer v. Walter_**, 64 Pa. 283, 286. **_Wheeldin_**, 373 U.S. 655. Precisely perversion of legal process complained of as committed by Merriwether.

VanDeusen further cites **_Powell v. McCormick_**, 395 U.S. 486 (1969) but fails to state Powell's averments as to declaratory relief are sufficient. **_Alejandrino v. Quezon_**, 271 U.S. 528, distinguished Pp. 496-499. Mootness of Powell's claim to a seat in 90th Congress does not affect viability of his back salary claim with respect to term for which he was excluded. **_Bond v. Floyd_**, 385 U.S. 16. Pp. 499-500. Although Speech or Debate Clause bars action against respondent Congressmen, it does not bar action against other respondents, who are legislative employees charged with unconstitutional activity, **_Kilbourn v. Thompson_**, 103 U.S. 168; **_Dombrowski v. Eastland_**, 387 U.S. 82; and fact that House employees are acting pursuant to express orders of the House does not preclude judicial review of constitutionality of underlying legislative decision. Pp. 501-506. The Court has subject matter jurisdiction over petitioners' action. Pp. 512-516. Case is one "arising under" Constitution within meaning of Art. III, since petitioners' claims "will be sustained if Constitution...[is] given one construction and will be defeated if it [is] given another." **_Bell v. Hood_**, 327 U.S. 678. Pp. 513-514. District courts are given a broad grant of jurisdiction by 28 U.S.C. § 1331 (a), over "all civil actions wherein matter in controversy...arises under Constitution..." and while that grant is not entirely co-extensive with Art. III, there is no indication that § 1331 (a) was intended to foreclose federal courts from entertaining suits involving seating of Congressmen. Pp. 514-516. This litigation is justiciable because claim presented and relief sought can be judicially resolved. Pp. 516-518. Petitioners' claim does not lack justiciability on ground that House's duty cannot be judicially determined, since if petitioners are correct that House had a duty to seat Powell once it determined that he met standing qualifications set forth in Constitution [analogous to duty of WRAMC to treat Disabled Veteran excluded by Merriwether]. P. 517. Relief sought is susceptible of judicial resolution, since regardless of appropriateness of a coercive remedy against House personnel (an issue not here decided) declaratory relief is independently available. Pp. 517-518. This case does not present a political question in the sense, also argued by respondents, that it would entail a "potentially embarrassing confrontation between coordinate branches" of government, since our system of government requires federal courts on occasion to interpret Constitution differently from other branches. Pp. 548-549. 129 U.S. App. D.C. 354, 395 F. 2d 577, affirmed in part, reversed in part, and remanded to District Court for entry of a declaratory judgment and for further proceedings.

---

originated in Civil Rights Act of 1871, c. 22, § 1, 17 Stat. 13 (1871), and was amended in 1979 to include District of Columbia, Pub.L. 96-170, § 1, 93 Stat. 1284 (1979).

VanDeusen goes on to cite ***Christianburg Garment Co. v. EEOC***, 434 U.S. 412 (1978) but fails to state District Court ruled that an award to petitioner of attorney's fees was not justified finding Equal Employment Opportunity Commission's (EEOC) action in bringing suit was not "unreasonable or meritless" and that its statutory interpretation of § 14 of 1972 amendments to Title VII of Civil Rights Act of 1964 was not "frivolous." Court of Appeals affirmed. United States Supreme Court held although a prevailing *plaintiff* in a Title VII proceeding is ordinarily to be awarded attorney's fees by district court in all but special circumstances, a prevailing *defendant* is to be awarded such fees only when court in exercise of its discretion has found that plaintiff's action was frivolous, unreasonable, or without foundation. Pp. 415-422. [Judge Kessler's ruling of July 19, 2006 herein defeats VanDeusen's baseless assertion Plaintiff's cause of action is taken in bad faith, frivolous, unreasonable, or without foundation. VanDeusen knows better.] District Court properly applied foregoing standards and did not abuse its discretion in concluding that an award to petitioner of attorney's fees was not justified. Pp. 423-424. 550 F. 2d 949, affirmed.

Foundation for recovery of Merriwether's intentional infliction of emotional distress is set forth in VanDeusen's citation ***Carter v. D.C.***, 795 F.2d 16, 139 (D.C. Cir. 1986): "Defendants fault district judge for failing to direct a verdict in favor of officers Markovich and Tarantella on charge that they intentionally inflicted emotional distress on plaintiffs Carter and Parker. Both plaintiffs testified to multiple indignities heaped upon them by all three officers on March 22, 1982. Furthermore, construing evidence favorably to plaintiffs as a judge must in ruling on a directed verdict motion by defense, see ***Alden v. Providence Hospital***, 382 F.2d 163, 165 (D.C. Cir. 1967), one could readily conclude that all three officers, in full and cool of day, deliberately uttered false reports of criminal activity on Carters's and Partker's part. (Identical re-enactment by Merriwether upon Disabled Veteran.) Plaintiffs are entitled to judgment of a jury on quality of officers' conduct. And a reasonable jury, crediting plaintiffs' account of episode in suit, could well find that officers Markovich and Tarantella, in arresting and thereafter filing charges against Carter and Parker, acted egregiously, intentionally, or recklessly to cause plaintiffs severe emotional distress. See ***Sere v. Group Hospitalization***, Inc. 443 A.2d 33, 37 (D.C. 1982); see also RESTATEMENT (SECOND) OF TORTS § 46 comment e (1965) (outrageous conduct may consist of abuse of position of authority, particularly by *inter alia*, police officers). Argument that, as a matter of law, Markovich and Tarantella should have been exonerated on intentional infliction of emotional distress charge is rootless." VanDeusen is in default of Merriwether's theft of Plaintiff's family heirloom keepsake legal-sized camouflage Bible.

Continuing with VanDeusen's reference to ***Carter v. D.C.***, 795 F.2d 116, 137 (D.C. Cir. 1986): "*Vanderbloemen's Default*-As we have already observed, Vanderbloemen, one individual police officer defendants involved in events is suit defaulted. *See* Fed. R. Civ. P. 55(a). In his charge, trial judge informed jurors that, because of Vanderbloemen's default, they were to determine damages with respect to him even if they found two other individual defendants, officers Markovich and Tarantella, not liable. *See* Fed. R. Civ. P. 55(b)(2). Judge further instructed jurors that, because the city had conceded that all three officers were acting within scope of their employment at time of March 22, 1982, incident, District of Columbia would therefore be liable for damages assessed against Markovich, Tarantella and/or Vanderbloemen on common law claims. Tr. 1463, 1471-73. Defendants renew on appeal

their contention before district court that jury should have received no instruction at all on Vanderbloemen's default; information imparted in charge, according to defendants, conflicted with redoubtable Supreme Court precedent, **_Frow v. De La Vega_**, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), and was "devastatingly prejudicial." Brief for Appellees/Cross-Appellants at 68. District court appropriately disposed of these objections."

VanDeusen now attempts to muzzle Plaintiff's constitutionally-guaranteed due process rights, fundamental fairness, equal protection of the law, and equal protection under the law. It cannot be credibly disputed that VanDeusen knows what he is doing and intentionally filing frivolous pleadings. In having repeatedly misapplied, misinterpreted, and misquoted the law in VanDeusen's very own citations and attachments detailed herein rises to level of sanctions under **Federal Rule Civil Procedure 11(c)**. VanDeusen knows better.

VanDeusen appends to his opposition to Plaintiff's Leave To File Amended Verified Complaint And For Related Relief as Exhibit A foreign unpublished opinion **_Istafan v. Willoughby of Chevy Chase Condo. Council of Unit Owners_**, No.92-1840, 1993 WL 375771, at *1 (4th Cir. Sept. 24, 1993) wherein Geza Istvan appeals district court's order denying him **leave to amend his amended complaint**. Inopposite to fact pattern of **_Istafan_**, initial leave shall be freely given in Plaintiff's Leave To File Amended Verified Complaint of irreparable injury pursuant to **Federal Rule Civil Procedure 15(a):** _"A party may amend party's pleading once as a matter of course at any time before a responsive pleading is served or, if pleading is one to which no responsive pleading is permitted and action has not been placed upon trial calendar, party may so amend it at any time within 20 days after it is served. Otherwise a party may amend party's pleading only by leave of court or by written consent of adverse party; and leave shall be freely given when justice so requires."_

Moreover, United States Supreme Court agreed with Court of Appeals in its first opinion (280 F. 2d 293) that on face of complaint federal court had jurisdiction. As Supreme Court stated in **_Bell v. Hood_**, 327 U.S. 678, 685, "right of petitioners to recover under their complaint will be sustained if Constitution and laws of United States are given one construction and will be defeated if they are given another. For this reason District Court has jurisdiction." And see **_Bock v. Perkins_**, 139 U.S. 628, 630.

As an officer of this Court VanDeusen states: "The defendant is entitled to attorneys' fees under bad faith exception to American Rule when litigation was instituted and/or maintained in bad faith. **_Alyeska Pipeline Serv. Co. v. Wilderness Soc'y_**, 421 U.S. 240, 258-59 (1975)." Under the "American Rule" that attorneys' fees are not ordinarily recoverable by prevailing litigant in federal litigation in absence of statutory authorization, respondents, which had instituted litigation to prevent issuance of government permits required for construction of trans-Alaska oil pipeline, cannot recover attorneys' fees from petitioner based on "private attorney general" approach erroneously approved by Court of Appeals for District of Columbia Circuit, since only Congress, not the courts, can authorize such an exception to American Rule. Pp. 247-271. Certiorari was granted, 419 U.S. 823 (1974), to determine whether this award of attorneys' fees was appropriate. United States Supreme Court reversed. 161 U.S. App. D.C. 446, 495 F. 2d 1026, reversed.

Recall VanDeusen's recitation of *Christianburg Garment Co. v. EEOC*, 434 U.S. 415, 421-422 (1978): "Company then petitioned for allowance of attorney's fees against Commission pursuant to § 706 (k) of Title VII. Finding that 'Commission's action in bringing suit cannot be characterized as unreasonable or meritless,' District Court concluded that 'an award of attorney's fees to petitioner is not justified in this case.'[2] A divided Court of Appeals affirmed, 550 F. 2d 949 (CA4), and we granted certiorari to consider an important question of federal law, 432 U.S. 905. It is general rule in United States that in absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Aleyska Pipeline Co. v. Wilderness Society*, 421 U.S. 240. Congress has provided only limited exceptions to this rule 'under selected statutes granting or protecting various federal rights.' *Id.*, at 260. To the extent that abstract words can deal with concrete cases, we think that concept embodied in language adopted by these two Courts of appeals is correct. We would qualify their words only by pointing out that term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that plaintiff has ultimately lost his case…In applying these criteria, it is important that a district court resist understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been victim of discrimination, no matter how meritorious one's claim may appear at outset, course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. Law may change or clarify in midst of litigation. Even when law or facts appear questionable or unfavorable at outset, a party may have an entirely reasonable ground for bringing suit."

Recall VanDeusen's recitation of *Wheeldin v. Wheeler*, 373 U.S. 653-654, 656-657 (1963): "In this Court, Solicitor General of United States, appearing as counsel for respondent, candidly admits that Court of Appeals misapplied *Barr v. Mateo*. In that case we upheld governmental-officer immunity in respect of 'action…taken…within outer perimeter of petitioner's line of duty.' 360 U.S., at 575. It has never been suggested that immunity reaches beyond that perimeter, so as to shield a federal officer acting wholly on his own. A federal officer remains liable for acts committed 'manifestly or palpably beyond his authority.' *Spalding v. Vilas*, 161 U.S. 483, 498; see *Colpoys v. Gates*, 73 App. D.C. 193, 18 F. 2d 16; *Kozlowski v. Ferrara*, 17 F. Supp. 650; Note, Remedies Against United States and Its Officials, 70 Harv. L. Rev. 827, 835 (1957). Liberally construed, see *Virgin Islands Corp. v. W.A. Taylor & Co.*, 202 F. 2d 61; 2 Moore, federal Practice (2d ed. 1948), ¶ 12.08, at 2245, petitioner Dawson's complaint alleges no less. Pertinent here is settled principle of accountability, in damages, of individual governmental officer for consequences of his [her] wrongdoing. See, *e.g.*, *Entick v. Carrington*, 19 Howell's State Trials 1029 (C.P. 1765); *Marbury v. Madison*, 1 Cranch 137, 163-168; cf. *Wolf v. Colorado*, 338 U.S. 25, 30-31, n.1. With respect to federal officers, see, *e.g.*, *Little v. Barreme*, 2 Cranch 169; *Elliott v. Swartwout*, 10 Pet. 137; *Mitchell v. Harmony*, 13 How. 115; *Buck v. Colbath*, 3 Wall. 334; *Bates v. Clark*, 95 U.S. 204; *Kilbourn v. Thompson*, 103 U.S. 168; *Belknap v. Schild*, 161 U.S. 10, 18; *Philadelphia Co. v. Stimson*, 223 U.S. 605, 619. This principle, in combination with conventional notion of malicious abuse of process, seems to me ample warrant for concluding that instant complaint makes out a common-law cause of action. Compare cases

---

[2] Opinion of District Court dealing with motion for attorney's fees is reported at 12 FEP Cases 533.

in which state judicial officers have been held liable in damages for abuse of process: **_Williams v. Kozak_**, 280 F. 373; **_Dean v. Kochendorfer_**, 237 N.Y. 384, 143 N.E. 229; **_Hoppe v. Klapperich_**, 224 Minn. 224, 28 N.W. 2d 780. If so, and if we assume that this claim is actionable under California law (postponing, for moment, question whether it may also be actionable under federal law), then it seems to me there are two possible theories for sustaining federal court jurisdiction over it. First relies upon principle of pendent jurisdiction drawn from **_Hurn v. Oursler_**, 289 U.S. 238. Since complaint asserts a nonfrivolous claim under Fourth Amendment, federal court jurisdiction attaches, **_Bell v. Hood_**, 327 U.S. 678, thereby permitting decision of common-law claim which is based upon same facts, see *id.*, at 686 (dissenting opinion.)"

* Text without context is pretext, is not text at all. VanDeusen knows better and is now guilty of invoking frivolous authority filed in bad faith and now hung by his own pitard.

## CONCLUSION

A unanimous United States Supreme Court has admonished that pro se in forma pauperis Complaints must be read with tolerance: Dismissal is impermissible unless court can say "with assurance that under allegations of pro se Complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" **_Haines v. Kerner_**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), quoting **_Conley v. Gibson_**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957), reaffirmed in **_Estelle_**, 429 U.S. at 106, 97 S.Ct. at 292.

Moreover, Complaints need not plead law or match facts to every element of a legal theory. Federal Rule Civil Procedure 8, 28 U.S.C.A. Handicapped status, et al., of Disabled Veteran/Plaintiff need not set forth elements of a prima facie case at initial pleading stage, but, rather, because disability discrimination in medical care is a claim upon which relief can be granted, "I was turned down for medical care because of my disability" is all a Complaint has to say to survive a motion to dismiss for failure to state a claim. 42 U.S.C.A. § 1981; **Civil rights Act of 1964, § 701** *et seq.*, **42 U.S.C.A. § 2000e** *et seq.*; **Federal Rules Civil Procedure 8, 12, 14, 15, 18, 19, 20, 33, 38, 57, 63, and 65.**

WHEREFORE, good cause having been shown and premises considered, Order should now pass:
1. Granting Disabled Veteran/Plaintiff Leave To File Amended Verified Complaint And For Related Relief;
2. Granting Motion For Appointment Of Counsel;
3. Awarding Disabled Veteran/Plaintiff return forthwith of his family heirloom keepsake legal-sized camouflage Bible or commensurate value;
4. Awarding Disabled Veteran/Plaintiff medical costs from January 2006 to Present;
5. Awarding Disabled Veteran/Plaintiff Five Thousand Dollars ($5,000.00) as Costs, Disbursements, and Reasonable Award of Expenses to vigorously prosecute this Complaint and counter bad faith efforts of Merriwether;
6. Deny with prejudice defendant's motion for attorneys' fees;
7. Such other and further relief as to this Court appears just and proper.

In God we trust:

*Michael Sindram*

Michael Sindram, Disabled Veteran/Plaintiff
6645 Georgia Avenue, N.W. #306
Washington, D.C. 20012
(202)722-6281

## RENEWED REQUEST FOR EXPEDITED HEARING FOR TEMPORARY RESTRAINING ORDER PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 65

Renewed request for expedited hearing for temporary restraining order pursuant to Federal Rule Civil Procedure 65 to be advanced on Court's calendar to earliest practicable date to aid in the decisional process.

*Michael Sindram*
Michael Sindram

## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that copy of foregoing Plaintiff's Response To Defendant's Opposition To Plaintiff's Leave To File Amended Verified Complaint And For Related Relief; Plaintiff's Response To Defendant's Motion For Attorneys' Fees; Motion For Sanctions was mailed, postage prepaid, this 9th day of November 9, 2007 to: Darrell R. VanDeusen, Bar No MD 08231, 1823 York Road, Timonium, MD 21093.

*Michael Sindram*
Michael Sindram

*Wise men have also said these things: It is wrong for a judge to be prejudiced. If he pronounces a guilty person innocent, he will be cursed and hated by everyone. Judges who punish the guilty, however, will be prosperous and enjoy a good reputation.*
**Proverbs 24:23-25 (TEV)**

*Take impurities out of silver and artist can produce a thing of beauty. Keep evil advisers away from king and his government will be known for its justice.*
**Proverbs 25:4-5 (TEV)**

*Make it **your** aim to do what is right, not what is evil, so that **you** may live. Hate what is evil, love what is right, and see that justice prevails in the courts...let justice flow like a stream, and righteousness like a river that never goes dry.*
**Amos 5:14a, 15a, 24 (TEV)**

*Do for others what **you** want them to do for **you**!*
**Matthew 7:12a (TEV)**